## UNITED STATES v. SNOOK et al.

District Court, N. D. Georgia, Atlanta Division.
March 5, 1928.

No. 356.

1. Internal revenue ⬅28(2)—Corporation practically dissolved held not necessary party to suit against stockholders to recover income taxes assessed against corporation.

A corporation which had years previously ceased operation, liquidated its business, sold all its property and good will, and distributed the proceeds among its stockholders, *held* not a necessary party to a suit against the stockholders to recover additional income taxes assessed against the corporation for years when it was doing business.

2. Corporations ⬅623—Stockholders, receiving assets of corporation on liquidation, hold them as trustees for creditors, and cannot plead limitation against suit by creditor so long as action against corporation is not barred.

Stockholders, receiving cash assets of a corporation on its liquidation, hold them as trustees for creditors of the corporation, to whom they are directly liable, and cannot set up the bar of limitation against suit by a creditor, so long as right of action against the corporation is not barred.

3. Corporations ⬅623—All stockholders may be joined in creditor's suit against stockholders of liquidated corporation who receive distributive share of assets.

In suit by creditor of liquidated corporation against stockholders receiving distributive share of assets, all stockholders may properly be joined.

4. Internal revenue ⬅7(18)—Whatever salaries a corporation pays its officers, it is entitled to deduction of only reasonable salaries from income return (Revenue Act 1918, § 234[a]).

Under Revenue Act 1918, § 234(a), being Comp. St. § 6336⅛pp, only a reasonable deduction may be allowed a corporation for salaries paid, and where by contract a corporation paid its officers, who were also stockholders, a percentage of earnings during a year, with the result that each received far more than a reasonable salary, the corporation is not entitled to deduction from its income of all of such amount.

5. Internal revenue ⬅28(2)—In suit against stockholders for tax, officers cannot be required to account to corporation for excessive salaries received for purposes of income tax.

While the statute does not permit deduction by the corporation of excessive salaries paid officers it does not invalidate the contract as between the corporation and officers, and in a suit against the stockholders, as distributees after liquidation, to recover the tax, the officers cannot be required to account for the excess of salaries received, nor are they entitled, as stockholders, to deduction for personal income tax paid on the excessive salaries.

In Equity. Suit by the United States against Peyton H. Snook, Jr., and others. Decree for complainant.

C. P. Goree, Asst. U. S. Atty., of Atlanta, Ga.

Little, Powell, Smith & Goldstein, of Atlanta, Ga., for defendants.

SIBLEY, District Judge. Standard Coal Company, a corporation, made but little money in 1919, and for 1920 entered into written contracts with its officers and employees to conduct its business for its entire profits as salaries. Conditions changed early in 1920, and a very successful year was had. Thomas H. Austin and Peyton H. Snook, Jr., owners of the corporate stock, each received as his part of the salaries about $52,-000. The contracts ran on until March, 1921, when the business was closed and liquidated. Corporation tax returns for 1920 and 1921 showed no net profits, all being absorbed in salaries. Additional taxes of $38,052.08 were assessed on the 1920 return in December, 1923, and in January, 1925, additional taxes of $1,152.23 were assessed on the 1921 return, arrived at in each case by allowing salaries to Snook and Austin on the basis of only $10,000 per year each. Suit in equity was brought therefor on June 26, 1925, against Snook and Austin as stockholders, who had received the corporate assets on liquidation. The several defenses made are indicated in the rulings which follow.

[1] 1. If Standard Coal Company were an active corporation, and especially if it had undivided assets which could be applied to these tax claims before going on the defendants, I should hold it a necessary party to this suit. But on hearing evidence on that part of the answer, which is in the nature of a plea in abatement for nonjoinder of this corporation, it appeared, without dispute, that on March 4, 1921, almost 7 years ago, its stockholders voted to cease business and liquidate, disposing even of the name and good will of the business, appointing Thomas H. Austin liquidating agent, and giving him full authority to dispose of all assets and liquidate the business, and formally to cancel and surrender the charter. The charter has not been surrendered, but all debts have been paid, except the claim in suit, and all assets of any value reduced to cash and distributed to the stockholders, mostly prior to June 1, 1921. There are no officers to be served and no corporate assets to secure. The defendants herein are admitted, by the answer to paragraph 5 of the petition, to be the sole stockholders. They and their ac-

countability are all that is left of the corporation. It would be idle and useless to attempt to make the corporation a party, and the objection for this nonjoinder is overruled.

[2] 2. But the defendants will be dealt with exactly as though that corporation were present, especially as respects the contention that there is a bar by a statute of limitations. The contention is that this suit is in fact one against the corporation, with an equitable garnishment of its stockholders, and that the proceeding against the corporation is barred by the limitations in the Tax Acts, and the right of the corporation against the stockholders is barred by the four-year limitation of the state laws. Code Ga. 1910, § 4362.

I do not altogether agree with this analysis of the case. Its foundation, to be sure, is a tax claim against the corporation, and in my opinion, if this were barred, this suit would fail. But it is not barred, even as to the tax return for which was made March 15, 1921. Under no construction of the provisions of the Tax Acts of 1918 and of 1924 could such a bar be found. But the right to hold the defendant stockholders to account for receipt of corporate assets through liquidation is not in the nature of a garnishment. The corporation has no debt against the stockholders. The creditor has an independent right in equity against them. In the language of equity the stockholder so receiving corporate assets takes them as a trustee, with a duty to account to the creditor.

This duty to account arises coincidentally with the establishment of the claim against the corporation, and is not barred unless that claim against the corporation is barred. It would not do to say that corporate assets in the hands of a stockholder will be protected from a creditor before they would be if they had been left in their proper place in the hands of the corporatiton. No advantage can be reaped from a wrongful distribution of them. Moreover, since the creditor here is the United States, and no statute of limitation other than the Tax Acts has been pointed out applying to it, there is additional cause to hold against the contention of bar or laches. "Nullum tempus occurrit regi." The defense of a prescriptive title in the stockholder to the assets received is likewise beside the mark. There is no effort here to recover any particular articles of property. The title to none is to be tried. The general liability to account for a value received is the issue. Prescription is irrelevant.

[3] 3. Nor was there misjoinder in suing both stockholders at once. It is true that the liability on their part is not joint. Each is answerable only for what he received. There is no proof of such conspiracy to defraud or misapply as would make one responsible for the acts of the other. But these two now, as we have seen, really represent the corporation in this case; also their contribution to pay this claim, if it proves to be less than the distributed assets, should be proportioned to the amounts received by each, and if one proves insolvent, it may be that the other could be held for the full amount received by such other. In any case justice can be better attained and the whole matter better handled in one suit, with all stockholders who are liable to account present as parties.

[4] 4. On the merits, under Tax Act 1918, § 234(a), Comp. St. § 6336⅛pp, corporations may deduct as salary expenses only such amounts as are *reasonable*, no matter what was paid. Decisions to the contrary under previous statutes are not applicable. The salaries which this corporation contracted to pay were expressly fixed at percentages of the entire profits of the year, to aggregate 100 per cent. thereof. There was no maximum fixed. The corporation by no chance could have any profits over salaries. Unusual conditions obtained when the contract was made, and it is not held that the contract was with intent to defeat income taxes. But as against a tax system based on net income, such a basis of salaries, especially when paid to stockholders, is essentially unreasonable when it results in paying larger amounts than usual fair salaries, taking into consideration that they are contingent on making profits, and not to be paid absolutely. The amounts received here were excessive. Ten thousand dollars each, as estimated by the Commissioner of Internal Revenue, was a fair maximum contingent salary for each defendant, and the corporation can take credit for no more. It follows that the assessments made against the corporation are correct, for both the tax years 1920 and 1921.

[5] 5. Thomas H. Austin is shown to have received in liquidation, after payment of creditors, $6,400, and Peyton H. Snook $5,000, for which sums, with interest at 7 per cent. from June 1, 1921, the fair average date of receiving them, they are severally liable to account. A question has been raised as to whether the defendants are not each accountable also for the excess above the allowed reasonable salary as for an improper

dividend paid. I think not. No such question is made in the pleadings. Moreover, the money was not actually paid and received as a dividend, but under a contract of employment, which has not been impugned or set aside as such. It may well be that a contract for a salary is perfectly binding as between the corporation and its officers, and yet the full salary is not an allowable deduction as between the corporation and the United States. The Tax Act does not undertake to invalidate the salary contract, but merely refuses to recognize it as the final test of the deduction to be allowed in fixing the corporate taxes themselves.

6. Each defendant, however, returned as income his excessive salary on his individual tax return and paid taxes on it. It is urged that the United States, having upset this salary basis, must do equity in respect of it, and each individual tax return must be refigured with this item of salary reduced to the figure of $10,000, and the excess above it must be treated as dividends paid by the corporation and taxed on that basis, and that any excess of taxes paid by each defendant on his individual return should be a credit against the liability now to be adjudged against him. Had the salary contract been actually set aside, and had the excess been accounted for by the stockholders as a wrongful dividend, this consequence would have followed; but as it has been held above that, as between the corporation and its officers the contract was good, the payments under it were received, not as dividends, but as salary. It was all properly returned and taxed as such. The fact that an unreasonable salary paid cannot be fully availed of by the corporation as a deduction in fixing its taxes under the tax law has no bearing on the recipient and his tax liability. This is quite evident in case the officer does not happen to be also a stockholder. The liability of the defendants in this case rests, not upon the money received as salaries, but upon that received as stockholders in the subsequent liquidation.

It is therefore considered and decreed that the United States recover against Thomas H. Austin the sum of $6,400 as principal, with interest at 7 per cent. from June 1, 1921, and against Lucinda Lee Snook and Harriet V. Snook, as executors of Peyton H. Snook, Jr., deceased, the sum of $5,000, with interest thereon at 7 per cent. from June 1, 1921, to be levied of the lands and goods of said Peyton H. Snook, Jr., in their hands to be administered. It is further decreed that the United States recover of said parties $———— costs in this proceeding.