**W. B. VOSS and Sarah L. Voss,**
**Appellants,**

v.

**Earl R. WISEMAN, District Director of**
**Internal Revenue, Appellee.**

No. 5271.

United States Court of Appeals
Tenth Circuit.

May 10, 1956.

**238**

Graham Loving, Jr., Oklahoma City, Okl. (James D. Fellers, William D. Curlee were with him on the brief. Mosteller, Fellers, Andrews & Loving, Oklahoma City, Okl., of counsel), for appellants.

Grant W. Wiprud, Washington, D. C. (Charles K. Rice, Acting Asst. Atty. Gen., Lee A. Jackson and Meyer Rothwacks, Attys. Dep. of Justice, Washington, D. C., were with him on the brief. Paul W. Cress, U. S. Atty., and Leonard L. Ralston, Asst. U. S. Atty.), Oklahoma City, Okl., for appellee.

Before HUXMAN and PICKETT, Circuit Judges, and HILL, District Judge.

PICKETT, Circuit Judge.

This appeal involves a liability for interest on the value of property received by a transferee of assets in a corporate dissolution when the value of the assets received was less than a tax deficiency of the corporation. The District Court held that the transferee was liable for interest from the date the assets were received.

On July 1, 1942, in a nontaxable reorganization, Star Manufacturing Company, an Oklahoma Corporation, transferred all its assets, subject to outstanding liabilities, to a Delaware Corporation of the same name. On June 20, 1945, all of the assets of the Delaware Corporation were distributed to its stockholders. At the time of the distribution the Delaware Corporation had filed income tax returns for all of the years in which it had conducted the business of the corporation and had paid the full amount of taxes shown to be due on its returns. Sometime after the distribution, an investigation was made by the Commissioner of Internal Revenue in which it was determined that the corporations owed $51,711.93 in Federal taxes, plus interest, for the taxable years 1941, 1942, 1943, 1944, and 1945. On

April 6, 1948, the Commissioner notified the plaintiffs herein of the deficiency and the determination that each of them was liable, as transferees, to the extent of the value of the assets distributed to them. Upon redetermination the Tax Court found that the liability of the plaintiffs, as transferees, was $12,927.99 each.[1] The finding of the Tax Court became final and the Collector of Internal Revenue made demand upon the plaintiffs for the liability and the sum of $5,308.98 as interest. Each plaintiff paid the $12,927.99, but refused to pay the interest, whereupon the Collector advised that a warrant for distraint had been issued to aid in the collection of the amount. The plaintiffs unsuccessfully sought to restrain the collection of these amounts. Voss v. Hinds, 10 Cir., 208 F.2d 912. The interest was then paid and this action brought when claims for refund were denied.

Upon these facts, the question is limited to that of the liability of the transferees to the United States for interest upon the value of the transferred assets for the period during which the transferee held the assets when that value is less than the tax liability of the transferor.

 The statutory authority for pursuing transferred assets in a summary manner is found in 26 U.S.C.A. § 311.[2] As an additional remedy for enforcing tax liability, this section merely makes available, as against a transferee, the summary statutory procedure used to determine and collect delinquent taxes from a taxpayer. Hulburd v. Commissioner, 296 U.S. 300, 56 S.Ct. 197, 80 L. Ed. 242. It does not impose any new obligations on the transferee of the taxpayer's property and may be used only to enforce a liability already existing in law or in equity. Mertens Law of Federal Income Taxation, Vol. 9, § 53.6; Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289; Rowen v. Commissioner, 2 Cir., 215 F.2d 641; Commissioner of Internal Revenue v. Oswego Falls Corporation, 2 Cir., 71 F. 2d 673.

In other words, in case the transferee is liable in law or equity, the Commissioner may proceed against the transferee to recover the transferred assets, or the value thereof, in the same manner as he could proceed against a transferor. For procedural purposes, the transferee is treated as a taxpayer but the liability is secondary, not primary, Commissioner v. Oswego Falls Corporation, supra. Before the enactment of this statute, the liability of the transferee could be enforced only by a bill in equity or an ac-

---

1. This decision reads:

"Under written stipulation signed by counsel for the parties in the above-entitled proceeding and filed with the Court on March 24, 1952, at Oklahoma City, Oklahoma, it is

"Ordered and Decided, That there is a liability at law and in equity on the part of this petitioner as transferee for the unpaid Federal income, excess profits and declared value excess-profits taxes, together with interest thereon as provided by law, of the Star Manufacturing Company (Delaware Corporation) for its taxable years ended June 30, 1943, 1944, and 1945; and as transferee of a transferee for the unpaid Federal income, excess profits and declared value excess-profits taxes, together with interest thereon as provided by law, of the Star Manufacturing Company (Oklahoma Corporation) for its taxable years ended December 31, 1941 and June 30, 1942, in the amount of $12,927.99."

2. The pertinent provisions of this section are as follows:

"(a) *Method of collection.* The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner * * * as in the case of a deficiency in a tax imposed by this chapter (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds):

"(1) *Transferees.* The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this chapter."

tion at law. Phillips v. Commissioner, supra.

■■ The statute does not require the transferee to respond in interest except that which is due from the transferor. That is, if the transferee has received sufficient assets, he is liable not only for the delinquent tax of the transferor but also for the accrued interest. There is no liability on the part of the transferee in law or equity to pay the value of the assets until there has been a determination of the deficiency and notice thereof. 30 Am.Jur., Interest, § 46. The transferee does not owe the tax deficiency and could not pay the value of the transferred assets until there had been a determination and notification of the taxpayer's deficiency.[3] The liability of a transferee being limited to the value of the assets received, the right of the Commissioner to interest must be predicated upon the theory of damages for delay in making payment. 15 Am.Jur., Interest, §§ 159, 160; Royal Indemnity Co. v. United States, 313 U.S. 289, 61 S. Ct. 995, 85 L.Ed. 1361; United States v. United Drill & Tool Corp., 87 U.S.App. D.C. 236, 183 F.2d 998. After notice the Commissioner was entitled to the assets, or their value. The accumulation of interest could be prevented by making payment without losing the right to question the deficiency. Phillips v. Commissioner, supra. If the transferee thereafter retained possession or refused to pay, the Commissioner was damaged and could recover interest to the same extent as might be awarded by a court of law or equity.

■■ Assuming that the Tax Court had jurisdiction to determine the amount of interest due, we hold that ordinarily, if claim had been made, the plaintiffs would be responsible for interest on the value of the assets received from April 6, 1948, the date of the deficiency assessment and notice thereof, to the date of payment. The plaintiffs, as they had a right to do, sought a redetermination of their liability in the Tax Court, which assessed the liability at $12,927.99. No claim was made for interest and none was allowed. No appeal was taken from that decision; it became final, and the Commissioner may not thereafter make an assessment for interest under that decision. 26 U.S.C.A. § 1140; 130 A.L.R. Annotation 374; United States ex rel. New River Co. v. Morgenthau, 70 App. D.C. 171, 105 F.2d 50, certiorari denied 308 U.S. 577, 60 S.Ct. 93, 84 L.Ed. 484; Guettel v. United States, 8 Cir., 95 F.2d 229, 118 A.L.R. 1060, certiorari denied 305 U.S. 603, 59 S.Ct. 64, 83 L.Ed. 383; Western Maryland Railway Co. v. United States, D.C.Md., 23 F.Supp. 554.

Reversed and remanded with instructions to enter judgment for plaintiffs.

HUXMAN, Circuit Judge, concurring specially.

I concur in Judge PICKETT'S opinion. I place my concurrence on the grounds stated in the opinion that the Tax Court adjudicated the entire tax liability of the appellant transferee.

In addition to what is stated by Judge PICKETT, I wish to make the following observations. As I construe the pertinent

3. The District Court, in holding that the transferee was liable for interest from the date the assets were received, relied upon Robinette v. Commissioner, 6 Cir., 139 F.2d 285, certiorari denied 322 U.S. 745, 64 S.Ct. 1155, 88 L.Ed. 1577; Buzard v. Helvering, 64 App.D.C. 268, 77 F.2d 391; and Commissioner of Internal Revenue v. Breyer, 3 Cir., 151 F.2d 267. In the Robinette case, the transferee received assets of greater value than the taxes owed by the transferor. The question considered related to the liability of the transferee for interest due from the transferor. The Breyer case considered the question of whether the transferee who paid interest due for the dilinquent taxes of his transferor could deduct such payment in computing his income taxes. We shall not attempt to distinguish the Buzard case or United States v. Snook, D.C., 24 F.2d 844, other than to say that the date from which the transferee should be liable for interest did not appear to be an important issue. The Buzard case does stand for the proposition that the Commissioner must claim the interest in determining the amount due from the transferee.

provisions of 26 U.S.C.A. § 311, they impose a personal tax liability upon the transferee for delinquent taxes of the transferor to the extent of the value of the assets transferred.[1] True, this is a secondary liability but it is nonetheless the personal liability of the transferee. This liability attaches to him from the date an assessment is made and notice and demand for payment are served on the transferee. If he promptly discharges the liability, no interest accrues. If, on the contrary, he resists the demand and in the contest loses, interest accrues from the date of demand. A transferee in my view of the statute can become liable for interest chargeable against the transferor, prior to date of demand, on the transferee only in the event the value of the transferred assets exceed the amount of the principal of the delinquent tax due from the transferor.

[1]. In Phillips v. Commissioner, 283 U.S. 589, at page 603, 51 S.Ct. 608, at page 614, 75 L.Ed. 1289, the Supreme Court said: "One who receives corporate assets upon dissolution is severally liable, to the extent of assets received, for the payment of taxes of the corporation."