**L. A. SIMS, Plaintiff,**

v.

**George D. PATTERSON, District Director of Internal Revenue, for District of Alabama, Defendant.**

**Civ. A. No. 8776.**

United States District Court
N. D. Alabama, S. D.

July 13, 1959.

———◆———

J. Foy Guin, Jr., Guin, Guin & Cleere, Russellville, Ala., for plaintiff.

W. L. Longshore, U. S. Atty., and M. L. Tanner, Asst. U. S. Atty., Birmingham, Ala., for defendant.

---

LYNNE, Chief Judge.

This cause, coming on to be heard, was tried to the court without the intervention of a jury.

The court finds the facts to be as stipulated by the parties hereto.

As transferee of certain assets of the delinquent taxpayer, Jennie M. Brown, plaintiff was responsible for interest on the value of such assets received by him from November 17, 1953, the date of the deficiency assessment and notice thereof, to the date of payment, viz., April 25, 1955. Cf. Voss v. Wiseman, 10 Cir., 1956, 234 F.2d 237.

Plaintiff, as he had a right to do, sought a redetermination of his liability in the Tax Court, which assessed his liability at $33,300, after accepting the stipulation of the parties that the net benefit to plaintiff transferee was in such amount. Unlike the ambiguous decision of the Tax Court, considered in Voss v. Wiseman, supra, the decision of that court involved herein made it clear that plaintiff's liability as transferee for income taxes and penalties was to bear interest as provided by law.

Having jurisdiction of this action and of the parties hereto:

It is Ordered, Adjudged and Decreed by the court that plaintiff have and recover of defendant the sum of $6,169.94, together with interest as provided by law, and the costs of court incurred herein for which, unless presently paid, execution may issue.

## Stipulation

It is hereby stipulated and agreed, by and between the parties hereto, by their respective counsel of record, that for the purposes of this action the following facts are true, subject to the right of either party to object to any fact hereinafter set forth on the basis of relevancy or materiality:

1. On March 13, 1950, the following amounts were assessed against Jennie M. Brown for the years 1946 and 1947.

|  | 1946 | 1947 | Total |
|---|---|---|---|
| Tax | $15,952.48 | $23,840.00 | $39,792.48 |
| Interest | 2,740.77 | 2,655.51 | 5,406.28 |
| Penalty | 7,976.24 | 11,766.01 | 19,752.25 |
|  | $26,669.49 | $38,281.52 | $64,951.01 |

The total of these amounts was still unpaid on January 15, 1951 and November 6, 1953. A copy of the Certificate of Assessments and Payments, consisting of 4 pages, for Jennie M. Brown for the years 1942 through 1947 is attached hereto as Exhibit No. 1; the contents of this certificate are correct as shown.

2. On January 15, 1951, Jennie M. Brown conveyed approximately 5,195 acres of land and timber to plaintiff for a consideration of $26,700.00.

3. The District Director of Internal Revenue, Birmingham, Alabama, valued these assets at $67,091.54 and determined a net benefit to plaintiff of $41,-191.54 on the transfer.

4. On November 6, 1953, a jeopardy assessment under the provisions of Section 273, Internal Revenue Code of 1939, 26 U.S.C.A. § 273, was made against plaintiff as transferee of Jennie M. Brown, in the following amounts:

|  | 1946 | 1947 | Total |
|---|---|---|---|
| Tax | $3,717.05 | $23,840.00 | $27,557.05 |
| Interest | 1,481.68 | 8,072.61 | 9,554.29 |
| Penalty | 1,858.48 | 11,776.01 | 13,634.49 |
| Total | $7,057.21 | $43,688.62 | $50,745.83 |

In accordance with the provisions of Section 293(b), Internal Revenue Code of 1939, 26 U.S.C.A. § 293(b), a statutory notice of deficiency was mailed to plaintiff on November 17, 1953. A copy of said notice is attached as Exhibit 2 to this stipulation and a copy of the statement enclosed therewith, consisting of two pages, is attached as Exhibit 3 to this stipulation.

5. Plaintiff did not pay the assessment set forth in paragraph 4 and filed a timely petition in the Tax Court on February 4, 1954.

6. The Tax Court action was settled by agreement of the parties whereby plaintiff agreed to accept transferee liability under Section 311 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 311 and the parties agreed to accept a valuation of the assets received at $60,000. The net benefit to the transferee was determined to be $33,300.

7. Pursuant to this agreement a stipulation was entered into between the parties. Prior to the time of this stipulation and up to the present time, the Government has claimed that interest was owed upon his agreed transferee liability as a part of the Tax Court settlement.

8. A true copy of the decision of the Tax Court entered pursuant to the stipulation attached as Exhibit No. 4 is attached as Exhibit No. 5.

9. On April 25, 1955, plaintiff paid to the defendant the total sum of $42,344.23. Of this total $33,300 represented payment of deficiencies as follows:

|  | 1946 | 1947 |
|---|---|---|
| Tax | $3,004.91 | $19,272.70 |
| Penalty | 1,502.45 | 9,519.94 |
| Total | $4,507.36 | $28,792.64 |

The remaining sum of $9,044.23 represented the payment of interest on said deficiencies as follows:

| | |
|---|---|
| Interest upon $33,300 from January 15, 1951 to November 6, 1953 | $5,614.92 |
| Interest upon $38,914.92 ($33,300 $5,614.92) from the date of Notice and Demand | $3,429.31 |
| Total | $9,044.23 |

———◆———

10. On April 22, 1957, plaintiff filed a claim for refund of the payment of interest in the amount of $9,044.23, a correct copy of this claim is attached to the complaint and incorporated by reference herein.

11. On May 23, 1957, defendant notified plaintiff of the disallowance of said claim by registered mail.

12. For the calendar years 1951, 1952, and 1953 plaintiff's gain, as finally determined for income tax purposes, from the sale of timber located on part of the land conveyed to him by Jennie M. Brown on January 15, 1951.

| | |
|---|---|
| Year ended December 31, 1951 | $3,656.66 |
| Year ended December 31, 1952 | 2,439.22 |
| Year ended December 31, 1953 | 298.34 |
| Total | $6,394.22 |

13. True and correct copies of the petition of the plaintiff, the answer of the Commissioner of Internal Revenue and the reply of the plaintiff in the Tax Court Action (Docket No. 51898) are attached as Exhibits 6, 7 and 8 respectively, which pleadings formed the complete record of the requests for determination of liability and contentions of liability before the Tax Court in this case.

14. The date of the filing of the Federal tax lien against Mrs. Jennie M. Brown was November 26, 1952. This lien covered the years 1942 through 1947.