**Ethel PALLISTER, as Administratrix of the goods, chattels and credits of Jules V. Pallister, deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.

April 4, 1960.

Hawkins, Delafield & Wood, New York City, Clarence Fried and William D. Greene, New York City, of counsel, for plaintiff.

S. Hazard Gillespie, Jr., U. S. Atty., New York City, Myron J. Wiess, Asst.

U. S. Atty., New York City, of counsel, for defendant.

PALMIERI, District Judge.

The plaintiff, as administratrix of the estate of a deceased transferee, seeks a refund for interest paid on the decedent's transferee tax liability. The transferee's liability was assessed and paid pursuant to Int.Rev.Code of 1954 § 6901, 26 U.S. C.A. § 6901, which provides a summary method of collecting the amount of "the liability, at law or in equity, of a transferee of property * * * of a taxpayer * * *." See Phillips v. Commissioner, 1931, 283 U.S. 589, 594, 51 S.Ct. 608, 75 L.Ed. 1289; cf. Rowen v. Commissioner, 2 Cir., 1954, 215 F.2d 641.

There are no disputed issues of fact and no matters outside the pleadings to be considered. It is conceded that the transferor's tax deficiency exceeds the value of the transferred assets and, at the hearing on the motion, counsel for the Government, for purposes of this motion, stated that no question was raised as to the good faith of the transferee. The plaintiff admits liability for interest from the date of notice and demand.[1] The sole question presented is whether, in addition to payment of an amount equal to the full value of the transferred assets, and interest thereon from the date of notice and demand, the transferee must also pay interest from the date the assets were transferred.

In view of the fact that the Government, for purposes of this motion, does not dispute the transferee's good faith, the plaintiff contends that there should be no liability for interest on the transferred assets prior to notice and demand for payment. The plaintiff relies on Voss v. Wiseman, 10 Cir., 1956, 234 F.2d 237, a case which is virtually indistinguishable from the situation presented here. In that case, the Court of Appeals for the Tenth Circuit held that, prior to the date of notice and demand, a transferee can become liable for interest which would have been chargeable against the transferor only in the event and to the extent that the value of the transferred assets exceeds the amount of the principal of the delinquent tax due from the transferor.

The Government contends that Voss v. Wiseman, supra, carves out an improper exception to the general rule regarding interest in transferee liability cases. See Buzard v. Helvering, 1935, 64 App. D.C. 268, 77 F.2d 391; United States v. Fisher, D.C.E.D.Mich.1944, 57 F.Supp. 410, 415; Henry Cappellini, 16 B.T.A. 802 (1929); Marold, Transferee Liability, 13 N.Y.U. Institute on Federal Taxation, 1073, 1090 (1955); cf. Commissioner of Internal Revenue v. Breyer, 3 Cir., 1945, 151 F.2d 267; Webster v. Maloney, D.C.D.N.J.1953, 114 F.Supp. 726, affirmed, Webster v. Gideon, 3 Cir., 1954, 213 F.2d 152; Koppers Co., 1943, 3 T.C. 62, acq., 1946–1 Cum.Bull. 3 (transferee may deduct from his income any interest paid which accrued after the date of transfer—he may not deduct interest on the transferor's tax deficiency accruing prior to the date of transfer). Apparently, the Government takes small comfort in the fact that the exception declared in the Tenth Circuit is limited to a clearly and narrowly defined class of transferees, for the issue presented here has also been presented for decision to the Court of Appeals for the Fifth Circuit, the District Court for the Northern District of Alabama having followed the holding in Voss v. Wiseman, supra. See Sims v. Patterson, D.C.N.D.Ala.1959, 183 F.Supp. 202.

■ The transferee provision of the Internal Revenue Code does not establish

---

1. See Int.Rev.Code of 1954, § 6601(c) (4), 26 U.S.C.A. § 6601(c) (4): "Last date for payment not otherwise prescribed.

"* * * [I]n all * * * cases in which the last date for payment is not otherwise prescribed, the last date for

payment * * * in no event shall be later than the date [of] notice and demand * * *."

See also Revenue Act of 1926, 44 Stat. 61, § 280(a); H.R.Rep. No. 356, 69th Cong., 1st Sess. 44–45 (1926).

the transferee's liability for taxes owed by the transferor. It merely provides a summary procedure for enforcing an existing liability. The liability, as distinguished from the method of collection, is not based upon a statutory obligation but arises under the legal principle which enables a creditor to set aside a transfer of property made in fraud of his interest. See Phillips v. Commissioner, supra; Samuel Wilcox, 1951, 16 T.C. 572, 576; H.R.Rep. No. 356, 69th Cong., 1st Sess. 42–45 (1926); Latham, Liability of Transferees Under the Revenue Act of 1926, 22 Ill.L.Rev. 233, 253–58 (1927).

The assessment against the transferee which underlies this action occurred after the enactment of the Internal Revenue Code of 1954 although the transferor's delinquency and the date of transfer occurred during the period the Internal Revenue Code of 1939 was in effect. The pertinent provisions of the presently applicable section [2] are substantially the same as those first inserted into the tax law by the Revenue Act of 1926, 44 Stat. 61.[3] What little legislative history there is appears in the Committee Reports on the 1926 enactment. The Report of the Conference Committee, H.R.Rep. No. 356, supra, states:

"[T]he liability of the taxpayer * * * is fixed as of the time of the transfer of the assets. No fur-

ther interest subsequently accrues upon such liability as assumed by the transferee except [interest at the rate of 1 percent a month] for failure to pay upon notice and demand * * * and interest at 6 per cent a year for reimbursing the Government at the usual rate for loss of the use of the money due it." [4]

The significant factor in evaluating this statement is that under the Revenue Act of 1926, interest upon tax deficiencies was payable at the rate of 1 per cent a month—or 12 per cent a year, rather than at the 6 per cent rate now applicable. Compare Revenue Act of 1926, § 276(a) with Int.Rev.Code of 1939, § 294(a)(b), 26 U.S.C.A. § 294(a, b), and Int. Rev.Code of 1954, § 6601(a). Therefore, the statement in the Conference Committee Report as to a 6 per cent rate for the period between the date of transfer and the date of notice and demand does not refer to a statutory interest obligation but to the principle of general law which the Committee assumed would govern the application of the provision. Cf. Billings v. United States, 1913, 232 U.S. 261, 284, 34 S.Ct. 421, 58 L.Ed. 596; Daniel v. United States, D.C.N.D.Ala. 1960, 179 F.Supp. 679. See also Rowen v. Commissioner, supra, 68 Harv.L.Rev. 1280 (1955). And see S.Rep. No. 52,

---

2. Int.Rev.Code of 1954 § 6901 reads in part:

"Transferred assets

"(a) Method of collection.—The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred:

"(1) Income, estate, and gift taxes.—

"(A) Transferees.—The liability, at law or in equity, of a transferee of property—

"(i) of a taxpayer in the case of a tax imposed by subtitle A (relating to income taxes).

3. Revenue Act of 1926, § 280 reads in part: Claims Against Transferred Assets

"(a) The amounts of the following liabilities shall, except as hereinafter in this

section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds):

"(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title or by any prior income, excess-profits, or war-profits tax Act."

See also Int.Rev.Code of 1939, § 311 (a), 26 U.S.C.A. § 311(a).

4. Cf. S.Rep. No. 52, 69th Cong., 1st Sess. 28–30 (1926).

69th Cong., 1st Sess. 28–30 (1926). Most of the cases dealing with the question are consistent with this congressional understanding as to the source of the transferee's obligation to pay interest accruing after the date of transfer and prior to the date of notice and demand. E. g., Commissioner of Internal Revenue v. Breyer, supra.

The Government appears to recognize that the interest sought to be imposed is not founded upon a statutory obligation but upon the equitable requirement that interest be paid for the use of money. Accordingly, the defendant contends that policy and precedent require that the court's discretion to grant or withhold interest be exercised in the Government's favor. See Royal Indemnity Co. v. United States, 1941, 313 U.S. 289, 296, 61 S. Ct. 995, 85 L.Ed. 1361; cf. Board of Commissioners of Jackson County, Kan. v. United States, 1939, 308 U.S. 343, 352, 60 S.Ct. 285, 84 L.Ed. 313. The statement from the Conference Committee Report quoted above and the case law subsequent of the enactment of the uniform procedure for collecting amounts chargeable against transferees clearly indicate how that discretion should be exercised at least to this extent: when the value of the transferred assets exceeds the deficiency and interest which could have been assessed against the transferor, the transferee should be required to return 6 per cent interest for the period following the transfer. See Robinette v. Commissioner, 6 Cir., 1943, 139 F.2d 285, 288; Doman v. Moe, D.C.S.D.N.Y., 183 F.Supp. 802. And even when the value of the transferred assets does not cover the transferor's deficiency, such interest should be imposed upon proof that the transferee had reason to know that he was the beneficiary of a *mala fide* transfer. Cf. H.R.Rep. No. 2, 70th Cong., 1st Sess. 31–32 (1928); Royal Indemnity Co. v. United States, supra, 313 U.S. at page 296, 61 S.Ct. at page 998.

However, I do not believe that prior to Voss v. Wiseman either Congress or the courts examined and definitively answered the special problem presented by the innocent transferee who returns all that he has received. Cf. Board of Commissioners of Jackson County, Kan. v. United States, supra, 308 U.S. at page 352, 60 S.Ct. at page 289. Indeed, the issue decided in Voss v. Wiseman was raised and left unanswered in Robinette v. Commissioner, supra, a case which the Government has described as the most frequently cited opinion in this field. In holding the transferee liable for the principal of the delinquent tax together with the interest which would have been chargeable against the transferor, the court stated:

"If we proceed upon the theory that the transferee was liable for any unpaid taxes of the transferor with interest only to the extent of the amount received, the burden was upon the Commissioner to show that the petitioner was liable as a transferee. * * * The Commissioner carried this burden * * *. [T]he burden of going further then rested upon petitioner. The value of the excessive assets, which she admitted having, was peculiarly within her knowledge and she should have shown this value if she wished to win on the question of interest. * * * " 139 F.2d at page 288.

In favor of the contention that interest is due from the date of transfer, it should be pointed out that this is not a case in which the Government's mistake gave rise to the obligation to pay the principal amount. Cf. United States v. Gillmore, C.C.1911, 189 F. 761; United States v. Dorgan, D.C.N.D.Me.1958, 157 F.Supp. 864. Nor can the Government be charged with lack of diligence in asserting its claim. Cf. United States v. Douglas, D.C.N.D.Fla.1957, 151 F. Supp. 254. Moreover, in a transferee liability situation, the burden of litigating the issue of good faith might prove greater than the benefit to be obtained thereby. In addition, a flat 6 per cent rule might serve a deterrent purpose by encouraging greater caution on the part of both transferor and transferee. See H.R.Rep. No. 2, 70th Cong., 1st Sess. 31–32 (1928). Finally, although the transferee's interest obligation is not

statutory, the goal of uniformity, which was served when Congress conformed the procedure for the collection of amounts due from transferees to the procedure for the collection of taxes, would also be served by a uniform judicial rule governing interest. But cf. Rowen v. Commissioner, supra.

On the other hand, as Judge Pickett explained in Voss v. Wiseman, supra, 234 F.2d at page 240, the transferee does not owe the tax deficiency and is under no legal obligation to pay the value of the transferred assets until there has been a determination and notification of the taxpayer's deficiency. Thus the transferee who lacks knowledge that the transfer prejudiced the Government's enforcement of its tax claim against the transferor is left without notice of or means to prevent the running of interest. This consideration is not persuasive when the assets transferred are sufficient to cover both the delinquent tax and the interest which would have accrued against the transferor. See Robinette v. Commissioner, supra. However, the transferee in the situation presented here has been asked to respond to an interest obligation by paying over to the Government an amount in excess of that received from the transferor. Cf. Latham, Liability of Transferees Under the Revenue Act of 1926, 22 Ill.L.Rev. 233, 256–57 (1927).

■ In sum, although I recognize that the question presented is a highly debatable one, I concur in the reasoning of the Court of Appeals for the Tenth Circuit and accept its holding to this effect: when a transferee whose good faith is not challenged receives assets which are not of sufficient value to cover the interest assessed, that transferee cannot be held accountable for interest prior to the time when he has notice of the existence of a debtor-creditor relationship between himself and the Government. Cf. United States v. United Drill & Tool Corp., 1950, 87 U.S.App.D.C. 236, 183 F.2d 998, 1000.

The defendant's motion is denied in all respects.

The plaintiff's cross-motion for judgment on the pleadings is granted. The Clerk is directed to enter judgment for plaintiff in the amount of $2,810.65, together with interest thereon, as demanded in the complaint.

So ordered.