**BLAIR, Commissioner of Internal Revenue, v. UNITED STATES ex rel. UNION PAC. R. CO.**

(Court of Appeals of District of Columbia. Submitted February 3, 1925. Decided March 2, 1925.)

No. 4247.

1. Internal revenue ⊖⟹36 — That claim for overpayment of income taxes was reduced to judgment held not to preclude its credit against subsequently accruing installments.

That claim for return of overpayment of income taxes has been reduced to judgment does not preclude claimant from having amount of such claim credited against installments of taxes subsequently accruing, pursuant to Revenue Act 1921, § 252 (Comp. St. Ann. Supp. 1923, § 6336⅛uu), notwithstanding Rev. St. §§ 989, 3220 (Comp. St. §§ 1635, 5944), providing other methods for payment of judgments, particularly in view of Revenue Act 1924 (approved June 2, 1924) § 281 (a), evidencing legislative purpose in enacting section 252.

2. Mandamus ⊖⟹118—Duty to credit excessive income tax payments against subsequently accruing installments is mandatory, and may be enforced by writ of mandamus.

Under Revenue Act 1921, § 252 (Comp. St. Ann. Supp. 1923, § 6336⅛uu), duty of Commissioner of Internal Revenue to credit excessive payments of income taxes against subsequently accruing installments is mandatory, and not discretionary, so that courts have jurisdiction to determine correct construction of such statute and compel compliance with it by writ of mandamus.

3. Mandamus ⊖⟹3(1) — Mandamus is proper remedy to compel application of excessive income tax payments on subsequently accruing installments.

Mandamus is proper remedy to compel commissioner of Internal Revenue to credit excessive income tax payments against subsequently accruing installments, as directed by Revenue Act 1921, § 252 (Comp. St. Ann. Supp. 1923, § 6336⅛uu), despite other remedies arising out of same transaction.

Appeal from the Supreme Court of the District of Columbia.

Mandamus by the United States, on relation of the Union Pacific Railroad Company, against David H. Blair, as Commissioner of Internal Revenue. Decree for plaintiff, and defendant appeals. Affirmed.

Peyton Gordon and V. E. West, both of Washington, D. C., for appellant.

W. R. Harr and C. H. Bates, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The relator, the Union Pacific Railroad Company, filed a petition in the lower court for a writ of mandamus against the Commissioner of Internal Revenue, alleging that it had duly filed a return of its annual net income under the Income Tax Act of 1913 (38 Stat. 114), and had paid its income taxes in accordance therewith; that afterwards an erroneous and excessive additional assessment was imposed upon it for the same year by the collector of internal revenue, and this was paid by the relator under protest; that relator then brought suit against the collector in the District Court of the United States for the amount of the payment, to wit, the sum of $42,924.27, upon the ground that the assessment and payment were illegal and erroneous; that on May 6, 1922, final judgment in the suit was entered by the court in favor of relator for the amount claimed, with inter-

est, being a total of $55,586.93, and at the same time a certificate of probable cause was entered by the court in the case; that on or about May 12, 1922, the judgment being wholly unsatisfied, the relator duly filed a claim with the proper collector, demanding that the amount of the judgment be deducted as a "credit claim" from the income taxes becoming payable by relator on June 15, 1922, under the Income Tax Act of 1921, which installment exceeded the amount of the judgment; that relator thereafter paid the installment after deducting the amount of the judgment therefrom; that respondent, however, rejected the relator's demand for a credit claim, upon the ground that a judgment obtained against the collector could not be credited against subsequent income taxes payable by the judgment creditor; that respondent has absolutely refused to allow said credit claim, to relator's great injury. Wherefore relator prayed for a writ of mandamus to command the respondent to allow the amount of the judgment as a credit claim upon the installment of taxes payable as aforesaid.

The respondent answered, not traversing any of the facts stated in the petition, but presenting the legal grounds for his action. To this the relator demurred, and the case was submitted upon the pleadings. The lower court held in favor of the relator, and issued a peremptory writ of mandamus accordingly. Whereupon the respondent appealed.

[1] The claim of the relator rests upon section 252 of the Revenue Act of 1921, 42 Stat. 227 (Comp. St. Ann. Supp. 1923, § 6336⅛uu) which so far as pertinent here reads as follows:

"Sec. 252. That if, upon examination of any return of income made pursuant to this act, * * * the Act of October 3, 1913, entitled 'An act to reduce tariff duties and to provide revenue for the government and for other purposes,' * * * it appears that an amount of income * * * tax has been paid in excess of that properly due, then * * * the amount of the excess shall be credited against any income * * * taxes, or installment thereof, then due from the taxpayer under any other return."

The respondent admits that this provision would have authorized the allowance of claimant's overpayment as a credit claim against the installment of income taxes then payable by it, except for the fact that when the return in question was first examined the Commissioner held that there was no overpayment, in consequence of which holding the claim was sued upon and reduced to judgment by the relator. The respondent contends that section 252 does not provide for the allowance of a judgment as a credit claim, but that the payment of judgments is provided for by sections 989 and 3220, Revised Statutes (Comp. St. §§ 1635, 5944), the latter section being re-enacted without change by section 1315, Revenue Act of 1921 (Comp. St. Ann. Supp. 1923, § 5944), and the regulations promulgated in accordance therewith.

Section 989 provides that when a recovery is had in any suit against a collector for any money exacted by or paid to him and by him paid into the treasury, in the performance of his official duty, and the court certifies that there was probable cause for the act done by the collector, or that he acted under the directions of a proper officer of the government, no execution shall issue against such collector, but the amount so recovered shall, upon final judgment, be provided for and paid out of the proper appropriation from the treasury.

Section 3220 provides that the Commissioner of Internal Revenue, subject to regulations prescribed by the Secretary of the Treasury, is authorized to remit, refund, and pay back all taxes erroneously or illegally assessed or collected; also to repay to any collector such sums as may be recovered against him in any court for internal revenue taxes collected by him.

We do not think that these statutes preclude the remedy which the relator seeks under section 252. Both sections have been in force for many years; nevertheless in the Revenue Act of 1918, 40 Stat. 1057 (Comp. St. Ann. Supp. 1919, § 6336⅛a et seq.), Congress added an entirely new remedy for taxpayers who had paid excessive income taxes, and made it apply to all such payments made under the income tax laws of 1909, 1913, 1916, and 1917. The same section was re-enacted as section 252 of the Revenue Act of 1921. The remedy thus provided was intended to be additional to those afforded by the former sections; it is not inconsistent with them, nor does it deprive them of appropriate force and application. The enactment is highly remedial, with the obvious legislative intent to mitigate the burdens of taxpayers when assessed with excessive income taxes. It seeks to avoid expensive and vexatious delays and inconveniences, by permitting the overpayment to be applied as a credit claim against other accruing install-

ments of similar taxes when payable by the same taxpayer. This procedure tends also to simplify and expedite the settlements of the government.

Nor is it improper to note that this legislative purpose has been expressed by Congress in even more direct terms in section 281 (a), Revenue Act of 1924, approved June 2, 1924 (43 Stat. 301). The section accordingly should receive a liberal construction, in order to give effect to the manifest legislative intent, and in this view there is no reason to deny it application where such an overpayment has been reduced to judgment. In this instance that action was made necessary by a mistaken ruling of the department, not by any default of the taxpayer, and the latter should not be penalized because of it. It is true that section 252 does not specify judgments eo nomine as entitled to be credited upon later assessments, but extends that right to amounts which, upon an examination of any return, appear to be in excess of that properly due. The present claim is of such a character, as is evidenced by the judgment of the court. The judgment did not create the claim, nor change its character; it was, and it remained, a claim for an amount of income tax "paid in excess of that properly due." The character of the claim and not its form, should control.

"As to the original debt, the judgment neither creates, adds to, nor detracts from it; its only office is to declare the existence of the debt, fix its amount and to secure to the creditor the means of enforcing its payment." 23 Cyc. 1105.

Moreover, the contention of the respondent tends to deprive section 252 of any force or effect whatsoever; for section 3220 authorizes the Commissioner of Internal Revenue to remit, refund, and pay back all taxes erroneously or illegally assessed or collected, and all taxes that appear to be unjustly assessed or excessive in amount, or in any manner wrongfully collected, as well as to repay to any collector such sums of money as may be recovered against him in any court, for any internal revenue taxes collected by him. These provisions apply, not only to judgments, but to all other claims for overpayments of income taxes, and if it be held that they shall control over those in section 252 nothing will remain for the latter section to operate upon.

The inclusion of interest in the judgment was authorized by section 1324, paragraph (a), of the Revenue Act of 1921 (Comp. St. Ann. Supp. 1923, § 6371⅘j), and is not challenged in this court by the appellant.

[2] The duty imposed upon the respondent, according to the conceded facts in the case, was mandatory, not discretionary; the language of the statute is "the amount of the excess shall be credited"; the courts therefore have jurisdiction to determine the correct construction of the statute and to compel the respondent to proceed accordingly. Lane v. Hoglund, 244 U. S. 174, 37 S. Ct. 558, 61 L. Ed. 1066; Work v. McAlester-Edwards Co., 262 U. S. 200, 43 S. Ct. 580, 67 L. Ed. 949. See, also, Interstate Commerce Commission v. Humboldt S. S. Co., 224 U. S. 474, 32 S. Ct. 556, 56 L. Ed. 849; Louisville Cement Co. v. Interstate Commerce Commission, 246 U. S. 638, 38 S. Ct. 408, 62 L. Ed. 914.

[3] Nor has the relator any other remedy than mandamus by which to enforce its plain legal rights under the statute. The fact that it might at the same time have other rights with other remedies arising out of the same transaction, does not negative this statement.

The judgment of the lower court is accordingly affirmed, with costs.