**MELLON, Secretary of the Treasury, et al. v. UNITED STATES ex rel. ORONO PULP & PAPER CO.**

**No. 5366.**

Court of Appeals of District of Columbia.

Argued May 4, 1931.

Decided June 1, 1931.

Leo A. Rover, John W. Fihelly, O. R. McGuire, and Chas. T. Hendler, all of Washington, D. C., for appellants.

J. Robert Sherrod, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment in the Supreme Court of the district sustaining the demurrer of appellee to the answer of appellants to the rule to show cause and petition for mandamus to compel appellants to approve for payment and pay to appellee interest on certain judgments.

On June 15, 1929, judgments were rendered in the District Court of the United States for the Southern District of Maine in a suit for the recovery of overpayments of federal taxes for the years 1917, 1918, and 1919. These judgments included interest to their respective dates. Thereupon appellee filed claim for refund of the aggregate amount of the judgments, together with interest thereon from the date of the judgments to a date not more than 30 days prior to the date of the refund checks. Appellants paid the amounts of the respective judgments by checks dated January 25, 1930, and February 5, 1930, but refused payment of the interest claimed.

Section 614 (a) of the Revenue Act of 1928, approved May 29, 1928 (45 Stat. 791, 876 [26 USCA § 2614 (a)], entitled, "Interest on Overpayments," provides in part that; "Interest shall be allowed and paid upon any overpayment in respect of any internal-revenue tax, at the rate of 6 per centum per annum, as follows: (1) ᵇ * * (2) In the case of a refund, from the date of the overpayment to a date preceding the date of the refund check by not more than 30 days, such date to be determined by the commissioner."

Section 615 (a) (28 USCA § 284 (b) entitled, "Interest on Judgments," amending section 177 (b) of the Judicial Code, reads in part as follows: "In any judgment of any court rendered * * * for any overpayment in respect of any internal-revenue tax, interest shall be allowed at the rate of 6 per centum per annum upon the amount of the overpayment, from the date of the payment or collection thereof to a date preceding the date of the refund check by not more than thirty days, such date to be determined by the Commissioner of Internal Revenue."

It will be observed that, whether the fact of overpayment has been determined by the Commissioner of Internal Revenue or by the court, interest is allowable from the date of the overpayment to a date preceding the date of the refund check by not more than 30 days. This is conceded by appellants. They further concede that had the court, in entering the judgments in the present case, added "with interest according to law," the overpayments would have borne interest to a date within 30 days of the refund checks.

Appellants insist, however, that the words in section 615 (a) "In any judgment * * * interest shall be allowed," require the court to add to the judgment, "with interest according to law." They contrast this provision with the provision in section 614 (a) that "interest shall be allowed and paid upon any overpayment." Section 615 (a) does not provide for payment of interest on a judgment, but upon the overpayments in-

cluded in the judgment; hence, the use of the word "in" instead of "upon" in that section. Both section 614 (a) and section 615 (a) provide that interest shall be allowed on overpayments. In the present case, interest was computed on the overpayments from their date to the date of the judgments. Had the judgments been paid within 30 days, there would have been a literal compliance with the terms of the statute. The case, therefore, narrows down to this: May the accounting officers, by delaying the payment of a judgment that does not expressly provide for interest beyond its date, defeat the obvious intent of the statute and deprive the taxpayer of interest, not on the judgment, but on the overpayment from the date of the judgment to within 30 days of the date of payment? We think not.

The statute clearly contemplates that where there is a delay of more than 30 days in the payment of a judgment, interest shall be computed upon the overpayment from its date to within 30 days of the refund. In the present case, it is a simple matter of computation to determine the interest on the overpayments from the date of the judgment to a date within 30 days of the payment of the refund.

The court below directed the payment of interest on the judgments. This was error, as neither section 614 (a) nor section 615 (a) authorize interest on judgments, but they do authorize interest on overpayments. Since interest has been paid up to the date of the judgments, the order of the court below should be modified so as merely to direct the payment of interest on the ascertained overpayments from the date of the respective judgments to within 30 days of January 25, 1930, and February 5, 1930, respectively, the dates of the refund checks.

As modified, the judgment is affirmed.

Affirmed, as modified.