## UNITED STATES ex rel. COLE v. HELVERING, Commissioner of Internal Revenue.

### No. 6185.

United States Court of Appeals for the District of Columbia.

Argued Oct. 3, 1934.

Decided Nov. 5, 1934.

Andrew T. Smith and Lewis H. Barnes, both of Washington, D. C., and Elwood Hamilton, of Louisville, Ky., for appellant.

Frank J. Wideman, Asst. Atty. Gen., of the United States, and Sewall Key, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

PER CURIAM. .

Appeal from a judgment in the Supreme Court of the District, in a mandamus proceeding, overruling the demurrer of appellant (petitioner below) to the answer of appellee (respondent below) and dismissing the petition, appellant electing to stand on his demurrer.

The question involved in this appeal is whether the Commissioner of Internal Revenue may retain from an amount adjudicated to be overpayment of taxes for 1929 a sufficient sum to cover an asserted deficiency in taxes of the same taxpayer for 1928 until the question of the 1928 taxes has been finally determined by the Board of Tax Appeals or the courts. The judgment of the court below sustained the action of the Commissioner.

On January 29, 1931, the Commissioner of Internal Revenue asserted against appellant a deficiency in income taxes for the calendar year 1928 in the sum of $5,807.54. Within sixty days appellant appealed from the Commissioner's determination to the Board of Tax Appeals, and that appeal has not yet been decided by the Board.

On March 3, 1932, the Commissioner of Internal Revenue asserted against appellant, a resident of Kentucky, a deficiency in income taxes for the calendar year 1929 in the sum of $10,126.37. On May 14, 1932, appellant, under protest, paid that sum, with interest, to the collector of internal revenue in Kentucky, and thereafter brought suit in the United States District Court for the Western District of Kentucky against the collector for the refund of alleged overpayment of 1929 taxes in the amount of $9,693.23, with interest. Cole v. Helburn, 4 F. Supp. 230. On April 7, 1933, the District Court in Kentucky entered judgment in favor of the taxpayer in the sum of $8,269.03, with interest from May 14, 1932, until paid, and the court also entered a certificate of probable cause therein. Appeal by the collector from this judgment was dismissed on October 4, 1933, on motion of the collector.

On April 8, 1933, appellant filed a claim for refund for the amount of the judgment ($8,269.03), interest, and costs. On July 17, 1933, the Commissioner issued a certificate of overassessment for $1,548.66 in partial settlement of the judgment, withholding $6,838.79 in connection with the alleged deficiency for 1928. ·

Thereupon, on October 3, 1933, appellant instituted the present action to compel the issuance of a certificate of overassessment for $6,838.79, with interest from May 14, 1932, until paid.

Section 322 (a) of the Revenue Act of 1928, c. 852, 45 Stat. 791, 26 USCA § 2322 (a), relating to refunds and credits, provides: "Where there has been an overpayment of any tax imposed by this title, the amount of such overpayment shall be credited against any income, war-profits, or excess-profits tax or installments thereof then due from the taxpayer, and any balance shall be refunded immediately to the taxpayer."

A substantially similar provision in the Revenue Act of 1926 (sec. 284 (a), 44 Stat. 9, 66, 26 USCA § 1065 (a) was involved and passed upon by this court in McCarl v. U. S. ex rel. Leland, 59 App. D. C. 362, 42 F.(2d) 346, certiorari denied 282 U. S. 839, 51 S. Ct. 30, 75 L. Ed. 745. In that case the Commissioner of Internal Revenue had notified the taxpayer that a deficiency tax of $60,190.16 was assessed for certain years and that there was an overassessment of $30,828.43. The taxpayer thereupon appealed from the ruling as to the deficiency tax; and in the refund proceeding contended that, because the refund could not be credited to the deficiency assessment until the decision of the Board of Tax Appeals had become final, the deficiency tax was not "then due" when the Commissioner determined the overassessment, and that therefore the refund should have been made immediately. We ruled that prima facie at the time the Commissioner made the determination the amount of the deficiency assessment was "then due," but that owing to the taxpayer's appeal final balancing of the account could not be had until the determination of the appeal.

The ruling in that case was reaffirmed in Lucas v. U. S. ex rel. Blackstone Mfg. Co., 59 App. D. C. 389, 45 F.(2d) 291.

On the authority of the two cases to which we have just referred, we affirm the judgment in the present case.

Affirmed.