## AMERICAN PROPELLER & MFG. CO. v. UNITED STATES.[*]

### No. B–28.

Court of Claims.

Oct. 5, 1936.

For former opinion, see 14 F.Supp. 168.

J. Kemp Bartlett, of Baltimore, Md. (Williams, Myers & Quiggle, of Washington, D. C., and Bartlett, Poe & Claggett, of Baltimore, Md., on the briefs), for plaintiff.

George H. Foster, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

*Writ of certiorari granted 57 S. Ct. 491, 81 L. Ed. 81 L. Ed. ——.

——. For opinion of Supreme Court, see 57 S. Ct. 521,

216

PER CURIAM.

Both plaintiff and defendant have filed motions to set aside the judgment and grant a new trial. The argument upon these motions raises some questions that were not before presented by counsel or considered in the original opinion, and as to which it may be well to state something further.

■ The plaintiff does not now ask that interest should be computed on the amount of its recovery, but contends that, so far as necessary, the amount to which it was found entitled should be applied upon the tax to extinguish it, which to this extent would have the same effect as if interest were allowed. But we can find no authority for applying in payment upon a tax previously assessed the amount later allowed by the court on an unliquidated and disputed claim not relating to taxes. The conclusion we have reached brings an inequitable result, but the inequity is not in the failure to make the credit but in not allowing interest on plaintiff's claim. In this matter we are compelled to follow the law as we find it. The motion of plaintiff must be overruled.

The defendant's motion to set aside the judgment, among other matters, sets up a claim that the calculation of plaintiff's tax based on the net income and invested capital as determined by the court in the opinion, was not correctly made. A recomputation shows that this contention must be sustained, and it follows that the judgment heretofore entered should be set aside. The total amount of plaintiff's income, war-profits, and excess-profits tax for 1918, when correctly calculated, is found to be $131,479.60. The tax previously paid was $48,778.31, leaving an underpayment of $82,-701.29. The interest thereon at 6 per cent. from the date of the additional assessment to April 6, 1936, the date of the establishment of plaintiff's claim and entry of judgment under the opinion, is $58,607.64, thus making the total allowance upon the counterclaim $141,308.93. Deducting therefrom the amount allowed the plaintiff upon its claim, $119,413.04, there remains $21,895.89, for which judgment should be rendered in favor of defendant with interest from that date.

■ The defendant, in a supplement to its motion for new trial, urges that interest should be computed at the rate of 12 per cent. on the amount of the additional assessment, but this penalty is imposed, if at all, under the applicable statute (Revenue Act 1918, § 250 (e), 40 Stat. 1083) after a demand is made for the payment of the tax. The record fails to show that any demand was made, and we cannot presume that it was. On the contrary, in view of the fact that plaintiff at the time was claiming that the defendant was indebted to it in a sum larger than the amount of the tax, it is more probable that no such demand was made.

The contention as to interest and the other objections made on behalf of the defendant will be overruled. Some minor additions to the findings will be made which do not affect the result. These will be shown in the judgment entry. The last finding (42) will be stricken out as pertaining to a claim and issue now abandoned.