## AMERICAN PROPELLER & MANUFACTURING CO. *v.* UNITED STATES.

No. 605.   Argued March 12, 1937.—Decided March 29, 1937.

*Messrs. J. Kemp Bartlett* and *Edgar Allan Poe,* with whom *Messrs. Paul F. Myers* and *John R. Yates* were on the brief, for petitioner.

*Mr. J. Louis Monarch,* with whom *Solicitor General Reed, Assistant Attorney General Morris,* and *Mr. Sewall Key* were on the brief, for the United States.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

This is a proceeding brought in the Court of Claims by petitioner to recover a balance of $144,238.03 alleged to be due from the government under certain designated contracts. The government filed a general traverse, and

a counterclaim for a deficiency income and excess-profits tax assessment in the sum of $191,403.77. The taxes were for the year 1918, and were assessed on the 14th day of June, 1924. The court below found that the government was indebted to petitioner upon the contracts in the sum of $119,413.04. Upon the counterclaim the court found that the tax liability of petitioner was $82,701.29. Upon this latter sum, it allowed interest, at the rate of 6% per annum from the date of assessment, in the sum of $58,607.64, bringing the total allowance upon the counterclaim to the sum of $141,308.93. Judgment was given against petitioner for the difference between that sum and the sum due under the contracts, namely $21,895.89. The opinion of the court will be found in 14 F. Supp. 168; and a supplemental opinion in the form of a memorandum was filed on October 5, 1936. [17 F. Supp. 215.] We granted certiorari, limited to the question of the allowance of interest to the government upon its counterclaim.

In the argument here, both parties proceed upon the theory that interest was allowed under the Revenue Act of 1918, c. 18, 40 Stat. 1057, 1083, § 250 (e).[1] The government contended below that under that section it was entitled to interest at the rate of 1 per centum per month instead of 6 per centum per annum. It abandons that

---

[1] Sec. 250. (e) If any tax remains unpaid after the date when it is due, and for ten days after notice and demand by the collector, then, except in the case of estates of insane, deceased, or insolvent persons, there shall be added as part of the tax the sum of 5 per centum on the amount due but unpaid, plus interest at the rate of 1 per centum per month upon such amount from the time it became due: *Provided,* That as to any such amount which is the subject of a bona fide claim for abatement such sum of 5 per centum shall not be added and the interest from the time the amount was due until the claim is decided shall be at the rate of ½ of 1 per centum per month. . . .

contention here, but insists that it is entitled to at least the interest allowed by the court below.

It will be seen that under the findings, the government was indebted in 1924 to petitioner in the sum of $119,-413.04, against which there was at the same time a just counterclaim of $82,701.29; so that if the account had been adjusted at that time instead of 12 years later, the government would have been obliged to pay petitioner the difference between these two sums, or $36,711.75. The inequity of allowing the government interest for 12 years under these circumstances, so as to bring the petitioner in debt to the government in the sum of over $21,000, is so gross as to be shocking.

We have said (*United States* v. *The Thekla,* 266 U. S. 328, 339–340, 341)—"When the United States comes into Court to assert a claim it so far takes the position of a private suitor as to agree by implication that justice may be done with regard to the subject matter. The absence of legal liability in a case where but for its sovereignty it would be liable does not destroy the justice of the claim against it . . . the reasons are strong for not obstructing the application of natural justice against the government by technical formulas when justice can be done without endangering any public interest." If the principle thus stated is not strictly applicable, it at least suggests that the court should not affirm what is clearly an unjust and inequitable result unless under plain compulsion of law.

Section 250 (e), *supra,* provides for the allowance of interest where the tax remains unpaid after the date when it is due and "for ten days after notice and demand by the collector." The court below found that on June 14, 1924, the commissioner made the assessment "and duly notified plaintiff with regard thereto." It made no other finding in respect of that matter. The government contends that the finding which was made means that

the commissioner set in motion the normal administrative machinery which resulted in a notice demanding payment, and relies upon the presumption of official regularity as being sufficient to make this finding the equivalent of a finding of notice and demand by the collector. *Pacific States Co.* v. *White,* 296 U. S. 176, 186.

But we are dealing here not with a presumption, but with a specific finding; and that finding should be examined in the light of the pleadings. *Luckenbach S. S. Co.* v. *United States,* 272 U. S. 533, 539. The amended counterclaim of the government, filed in 1927, among other things, alleges that "the Commissioner of Internal Revenue made an additional assessment" of which the plaintiff [petitioner] was duly notified. The collector is not mentioned and no demand is alleged. Considering the finding in connection with the allegation, the former fairly may be construed as comprehending all that was done in attempted compliance with the condition imposed by § 250 (e) as a prerequisite to the allowance of interest. But this is not all that appears.

In the memorandum supplementing the original opinion, the court below said: "The record fails to show that any demand was made and we can not presume that it was. On the contrary, in view of the fact that plaintiff at the time was claiming that the defendant was indebted to it in a sum larger than the amount of the tax, it is more probable that no such demand was made." While it is true that this court is not at liberty to refer to the opinion for the purpose of eking out, controlling or modifying the scope of the findings,[2] the rule is not absolute and does not preclude reference to the opinion for all purposes whatsoever. It is well established that in case

---

[2] *Stone* v. *United States,* 164 U. S. 380, 383; *United States* v. *Wells,* 283 U. S. 102, 120; *Crocker* v. *United States,* 240 U. S. 74, 78; *United States* v. *Esnault-Pelterie,* 299 U. S. 201, 206.

of ambiguity, extrinsic aid may be sought in order to settle the meaning of a statute or a contract. We see no reason why the principle of that rule does not permit reference to the opinion of the court in order to clarify the meaning of a finding otherwise in doubt. The government suggests that in such case the proper course is to remand the case to the Court of Claims in order that that court may supplement and clarify the finding and, if necessary, take additional evidence to that end. Of course, that sometimes has been done; but where, as here, the finding, the pleadings and the opinion of the court, taken together, clearly show that § 250 (e) in the particular under consideration was not complied with, it is unnecessary to follow that procedure.

This proceeding was originally brought in 1922. The deficiency assessment was made while the case was pending. The counterclaim of the government was first filed in 1926, and an amended counterclaim in 1927. Under these circumstances we see no reason for remanding the case upon the mere chance that the government may be able to furnish evidence which it has failed to furnish during more than a decade of litigation, and especially in respect of a claim which at the bar the government frankly conceded to be inequitable.

The judgment should be reversed with directions to enter judgment for petitioner, without an allowance of interest upon the counterclaim, in accordance with the foregoing opinion.

*Reversed.*