UNITED STATES ex rel. NEW RIVER CO.
v. MORGENTHAU, Secretary of the
Treasury, et al.

No. 7262.

United States Court of Appeals for the
District of Columbia.

Argued Jan. 10, 1939.

Decided April 3, 1939.

Rehearing Denied May 1, 1939.

STEPHENS, Associate Justice, dissenting.

J. Bruce Kremer, Herbert M. Bingham, and H. Donald Kistler, all of Washington, D. C., for appellant.

David A. Pine, U. S. Atty., H. L. Underwood, Asst. U. S. Atty., and Samuel E. Blackham, all of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and STEPHENS and EDGERTON, Associate Justices.

GRONER, C. J.

The New River Company (petitioner) is a West Virginia corporation, and together with its subsidiary companies is engaged in the business of mining coal. In the years 1918–19–20–21 it filed its income tax returns and paid the amounts shown to be due. Subsequently the Commissioner made additional assessments for those years. Petitioner paid these amounts in 1927, but in 1930 filed claim for refund on the ground that these sums had been erroneously assessed. The Commissioner rejected the claim, and petitioner then sued the United States in the District Court, Southern District of West Virginia. The case came on for hearing in January, 1933, and judgment by consent was entered against the United States in the sum of $110,000—*"with interest thereon from this date as provided by law"*. The parties entered into formal stipulation waiving all right of appeal. Instead

of paying the judgment in cash, the Commissioner withheld payment, as concededly he had a right to do,[1] pending final determination of deficiency assessments made against petitioner for other years. The Board of Tax Appeals in 1935 determined the amount of deficiencies for 1927 and 1928 to be $65,057.29, and the Commissioner computed the interest on that amount, from the dates payment should have been made, to be $26,581.16, making the aggregate due by petitioner $91,638.45. The Commissioner then deducted $79,953.24 from the principal amount of the judgment, as being the amount which together with interest thereon *from the date of judgment* equalled the sum of $91,638.45, the amount due. The effect of this was to leave $30,046.76 of principal of the judgment unpaid. Thereafter the Commissioner made a further additional assessment against petitioner for the years 1929 to 1932, inclusive, and in December, 1935, he credited toward the payment of these additional assessments the balance of the principal of the judgment with interest thereon from its date, and the sum of these amounts being less than the amount due by petitioner for the years 1929–32, inclusive, Commissioner demanded and petitioner paid such excess in cash, under protest.

This petition for mandamus was filed in the District Court July 25, 1936. An amended petition was filed March 31, 1938. The respondents filed an answer and an affidavit in support thereof. The case was heard below on the pleadings, and the trial court without opinion denied the petition. This appeal followed.

Petitioner's case is founded on Section 614 of the Revenue Act of 1928 (26 U.S.C. § 1671, 26 U.S.C.A. § 1671), which provides that whenever overpayments of taxes are credited to deficiencies for other years the Government shall allow 6% interest *from the date of overpayment to the date of the assessment of the deficiencies*. The prayer of the petition is, in effect, that the writ issue commanding the Commissioner to allow interest on the sum of $110,000, determined to be the overpayment for the year 1918, from the date of *payment,* namely, 1927, rather than in accordance with the terms of the judgment of 1933, which carried interest only from its date. Stated otherwise, the contention is that, notwithstanding the consent judgment allowed interest only from its date, the statute made mandatory the payment of interest from the date of overpayment, which concededly was 1927. The stipulation filed in the West Virginia proceedings recited that it was agreed that petitioner had, in 1927, overpaid income taxes for the year 1918 in the sum of $110,000 and that judgment should be entered therefor without prejudice to any claims of the United States for taxes for years subsequent to 1921. This stipulation was carried into the court's findings of fact. But the judgment itself was for that amount of money "with interest thereon from this date as provided by law".

If we had to decide merely whether petitioner, having in 1927 overpaid its taxes for 1918, was entitled to receive interest on the overpayment from date of payment to date of refund or to date of credit on subsequent taxes, the case would be simple enough, for the statute is explicit to that effect; but here by reference to respondents' answer to the petition we find set up as an affirmative defense that the judgment of the West Virginia District Court represented an agreement of the parties for the disposition of that suit; that the sum of the judgment was not arrived at by recourse to a computation under the revenue laws, but represented a flat sum settlement of all tax and interest to the date of judgment to which petitioner was entitled. This allegation is supported by the affidavit of the trial attorney of the United States in the West Virginia case which was received and considered by the lower court in this case without objection and in which it is stated that "to arrive at a round figure certain arbitrary adjustments had been made and interest had been approximated with the result that the above-mentioned sum of $110,000 has been determined to be, for the purposes of this suit, the amount of overpayment, including interest to which the taxpayer is entitled." Petitioner does not claim that the restrictive language of the judgment, that is to say, that interest should run only from its date, was the result of mistake or inadvertence, and certain correspondence found in the record would negative such a contention. Obviously if the agreement of the parties was for a judgment waiving the statutory right to back interest from the date of overpayment, it would not be subject to challenge here or elsewhere and would be conclusive of

---

[1] United States ex rel. Cole v. Helvering, 64 App.D.C. 35, 73 F.2d 852.

the controversy. And that is the Government's position.

Petitioner on the other hand says that the conclusion of the District Court that petitioner was entitled to recover the principal sum "with interest thereon as provided by law from the date of judgment" is meaningless; that the phrase "as provided by law" is inconsistent with the phrase "from the date of judgment"; that the phrase "as provided by law" is in conformity with the statute and therefore the phrase "from the date of judgment" should be rejected and treated as surplusage; and that since the statute is plainly mandatory, the court ought to grant the writ. Petitioner points to our decision in Mellon v. United States ex rel. Orono Pulp & Paper Co., 60 App.D.C. 242, 50 F.2d 1007, as sustaining its position in this respect. That case, like this, was on a petition for mandamus. There petitioner had obtained a judgment in the District Court in Maine for the recovery of overpayments of taxes. The judgment included interest from the date of payment to the date of the judgment (June 15, 1929). The Government paid on January 25, 1930. Petitioner asked for mandamus to compel payment of interest from the date of the judgment to a date not more than thirty days prior to the date of the refund check. [2] We said in that case that if the judgment had been paid within thirty days the statute would have been complied with, but that failure to pay within thirty days entitled the taxpayer to interest for the time between judgment and thirty days before payment. There are material differences between that case and this, and it is enough now to point out one of them: It is not disputed that the judgment here was the result of a compromise, and the authority of the attorney of the United States to make the compromise, as appears from the affidavit we have referred to, was limited by the Attorney General "to consent to the entry of judgment against the United States and in favor of the plaintiff for the sum of $110,000.00, in full compromise settlement of all liability involved in this case, said amount to include interest to which the taxpayer may be entitled". If the judgment was mutually consented to on this basis, its entry by the court would seem to foreclose petitioner's right to go beyond its terms. If it was not so understood and consented to, it is ordinarily subject to attack only on appeal or by bill of review. Cf. Swift & Co. v. United States, 276 U.S. 311, 324, 48 S.Ct. 311, 72 L.Ed. 587.

But we prefer to rest our affirmance upon another ground. The record here shows that some two years after the entry of the West Virginia judgment petitioner filed with the Commissioner a request that the amount of the judgment with interest from its date be credited against the tax deficiency for the two years 1927 and 1928. The Commissioner complied with this request. And when in the middle of 1935 additional assessments for the years 1929–32, inclusive, were made, these in turn were taken care of on December 30, 1935, by applying the balance of the judgment money and interest, plus $49,371.97 in cash which petitioner paid under protest. The grievance of petitioner does not arise directly from the refusal of the Commissioner to allow interest according to its request, but from the necessity of subsequently paying a very much larger sum in cash than it would have had to pay if the interest had been so allowed. If the Commissioner was wrong in computing the amount due when final settlement was made, then petitioner in 1935 overpaid its 1929–32 taxes in cash, and by reason of this overpayment it then had a perfectly adequate remedy at law. It could have sued in the Court of Claims and raised the question of its right to interest there.

Mandamus, therefore, was not the proper remedy. The right to the writ in a case on a claim to recover overpayment of taxes was recently denied by the Supreme Court in Girard Trust Co. v. Helvering, 301 U.S. 540, 57 S.Ct. 855, 857, 81 L.Ed. 1272. There the Supreme Court said: "But to try petitioner's equitable right to the refund here is to make the writ of mandamus serve the purpose of an ordinary suit and to depart

---

[2] Revenue Act of 1928, section 615(b), 28 U.S.C.A. § 284 (b), entitled, "Interest on Judgments," amending section 177 (b) of the Judicial Code, reads in part as follows: "In any judgment of any court rendered * * * for any overpayment in respect of any internal-revenue tax, interest shall be allowed at the rate of 6 per centum per annum upon the amount of the overpayment, from the date of the payment or collection thereof to a date preceding the date of the refund check by not more than thirty days, such date to be determined by the Commissioner of Internal Revenue."

from the settled rule that the writ of mandamus may not be employed to secure the adjudication of a disputed right for which an ordinary suit affords a remedy equally adequate and complete." In that case the Girard Trust Company had been appointed trustee under the will of John A. Brown, Jr. The will authorized the trustee to collect the income and to distribute the net amount to the extent of $200,000 annually to the widow. The widow elected to accept the income in lieu of her statutory share of the estate. The trustee personally—and as it subsequently appeared erroneously—paid the taxes on the widow's income for certain years and demanded a refund on the ground that under Helvering v. Butterworth, 290 U.S. 365, 54 S.Ct. 221, 78 L.Ed. 365, the taxes were assessable against the widow and not against it. The Commissioner denied a refund because the widow ought to have paid and the refund, if made, would inure to her benefit. Petition for mandamus to compel the Commissioner to refund was filed in the District Court. On appeal we held that the writ should not issue to compel the performance of an act which in equity ought not to be performed and affirmed the denial. On appeal to the Supreme Court it was held that mandamus was not the proper remedy. In our opinion the decision in that case is conclusive against the right of petitioner to a mandamus in the present case.

For the reasons heretofore stated, we are of opinion the decision of the lower court is correct, and it is therefore affirmed, but without prejudice to any other appropriate proceeding for the refund of the tax.

Affirmed.

STEPHENS, Associate Justice (dissenting).

I am of the view that under McCarl v. United States ex rel. Leland, 1930, 59 App. D.C. 362, 42 F.2d 346; Lucas v. United States ex rel. Blackstone Mfg. Co., 1930, 59 App.D.C. 389, 45 F.2d 291; and American Propeller & Mfg. Co. v. United States, 1937, 300 U.S. 475, 57 S.Ct. 521, 81 L.Ed. 751, it was the duty of the Commissioner to apply the $110,000 against the several deficiencies as they came due and therefore to charge no interest against the petitioner until the balance of the indebtedness was in the Government's favor; and I think that under Blair v. United States ex rel. Union Pacific R. R. Co., 1925, 55 App.D.C. 359, 6 F.2d 484, this duty is compellable by mandamus.