**SANCHO v. SERRALLES.**
No. 3409.

Circuit Court of Appeals, First Circuit.
Aug. 2, 1939.

126

William Cattron Rigby, of Washington, D. C. (B. Fernandez Garcia, of San Juan, P. R., and Nathan R. Margold, of Washington, D. C., on the brief), for appellant.

David A. Buckley, Jr., of Washington, D. C. (Harvey L. Rabbitt, Arthur L. Quinn, and H. Russell Bishop, all of Washington, D. C., on the brief), for appellee.

Before WILSON, Circuit Judge and PETERS and MAHONEY, District Judges.

MAHONEY, District Judge.

This is an appeal by the appellant from a judgment entered April 20, 1938, by the Supreme Court of Puerto Rico, in which was granted the petition of the appellee that a writ of mandamus issue against the Treasurer of Puerto Rico. The facts are these:

On December 31, 1919, the taxpayer, Succession J. Serralles, paid the amount of $30,407.08 in satisfaction of its income tax for the taxable year of 1917–18. The Board of Review and Equalization subsequently reduced this amount to $14,840.20, and refunded to the taxpayer an overpayment of $15,566.88. Upon a reconsideration at the request of the taxpayer by the Board of Review and Equalization, this tax was finally fixed at $10,700.96, and the taxpayer was informed by the Treasurer in writing on September 22, 1924, that the balance of $4,139.24 would be refunded when the necessary requirements of law were complied with.

The taxpayer paid under protest the sum of $31,466.04, as its income tax for the year 1918–19. This amount was paid in two instalments, one on May 19, 1920 and the other on September 15, 1920. It was subsequently determined by the Board of Review and Equalization that there was an overpayment by the taxpayer in the sum of $6,077, which the Treasurer agreed on September 22, 1924, would be refunded upon the taxpayer's compliance with the necessary requirements of law.

Also the amount of income tax for the year 1919–20 was considered by the Board of Review and Equalization, and it found there had been an overpayment of $44,118.-17. On April 9, 1924 the Treasurer wrote that this amount would be refunded upon receipt by him of the necessary forms.

Subsequently, credits in the amount of $7,-317.90 and $22,595.08 were given to the taxpayer on income taxes for the year 1923–24, which reduced the overpayment for 1919–20 to the amount of $14,151.19. These overpayments, namely, $4,139.24 for the year 1917–18, $6,077 for the year 1918–19, and $14,151.19 for the year 1919–20 were finally determined on December 18, 1924, and were left with the Treasurer by agreement to be used by the taxpayer as a credit against future taxes as they should be assessed.

The taxpayer, on February 26, 1926, after the amount of $24,367.43 had been agreed upon as the amount due to the taxpayer, requested that the agreement be put into effect and that it be allowed a credit out of the funds on hand against a special income tax for the year 1924. But the Treasurer, at the request of the Auditor of Puerto Rico that no credits be allowed the taxpayer because it owed the amount of $82,346.34 plus interest to date of payment to cover final balance for uncollected income taxes for the years 1918–1919 and 1920, refused this request. The Treasurer under date of March 1, 1926 notified the taxpayer of its refusal by letter. The People of Puerto Rico in 1926 filed suit to recover the said amount of $82,346.34, in which suit final judgment was rendered against it in October, 1933.

On April 2, 1929, the taxpayer requested the computation and refund of its excess payments for the years 1917–18, 1918–19 and 1919–20 in accordance with the final award of the Board of Review and Equalization. This request was refused by the Treasurer on the ground that a suit was pending between the People of Puerto Rico and the taxpayer concerning income taxes for this same period and that he must await its outcome. On April 11, 1929, the taxpayer filed a petition for a writ of mandamus against the Treasurer and the Auditor for the immediate computation and refund of the overpayments. This suit was dismissed on February 2, 1932, for lack of prosecution.

The Treasurer, on April 18, 1934, sent the required forms to be filled out by the taxpayer, for the three refunds totaling $24,367.43. The taxpayer refused to fill out and file these forms because it demanded that interest be paid on the amounts.

On October 18, 1934, the Treasurer informed the appellee that from that date it had the above amounts at its disposal and that they would be refunded as soon as the forms were returned.

The taxpayer, on October 17, 1934, filed a petition in mandamus requesting that the Treasurer be ordered to credit its income tax for the year 1933 in the amount of $34,931.73 against the balance in favor of the taxpayer in the amount of $24,367.43 plus interest in the amount of $17,596.46, which represented interest at 6 percent from the date of payment to April 18, 1934. The taxpayer further demanded the award of legal interest on this total sum which amounted to $41,963.89 from April 18, 1934 to its final payment or credit. It also requested in the alternative the immediate refund of the sum of $41,963.89.

The District Court gave judgment for the amount of $24,367.43 plus interest at 6 percent from the date of the illegal collection, to October 18, 1934, the date on which the Treasurer had informed the appellee that it had the amount of $24,367.-43 at its disposal to be refunded as soon as the forms were returned.

The Supreme Court of Puerto Rico, on rehearing, rendered a final judgment ordering the Treasurer of Puerto Rico to set off the amount of $34,951.73 plus interest at 12 percent from September 15, to October 12, 1934, which was due from the taxpayer against the sum of $24,367.-43 plus interest at 6 percent from February 26, 1926 to April 18, 1934, the date on which the Treasurer had advised the taxpayer that the principal amount was held by the Treasurer at the disposal of the taxpayer.

■ The appellant admits that the petitioner is entitled to the principal amount of $24,367.43 which is the three refunds allowed in 1924. The appeal before this court has to do with the payment of interest on this amount. It is clear, as the Supreme Court of Puerto Rico states, that the statute in force at the time a refund or credit is allowed governs the matter of interest, and in the ordinary case the refund stated would have carried no interest under the Puerto Rican Income Tax Law of 1924 (Laws Puerto Rico 1925, No. 74). However, under the Income Tax Law of Puerto Rico, the Act of August 6, 1925, Section 79, it is recited that:

"Upon the allowance of a credit or refund of any income or excess-profits tax, erroneously or illegally assessed or collected, or of any pecuniary penalty col-

lected without authority or of any sum which was excessive or in any manner wrongfully collected, interest shall be allowed and paid on the amount of such credit or refund at the rate of 6 per centum per annum from the date such tax, pecuniary penalty, or sum was paid to the date of the allowance of the refund, or in case of a credit, to the due date of the amount against which the credit is taken. * * *"

■ The Treasurer had no legal right to withhold the refund as a credit on February 26, 1925, in accordance with the agreement of the parties. The Fajardo Sugar Company of Porto Rico v. Holcomb, Auditor, 1 Cir., 16 F.2d 92. This action of the Treasurer on that date changed the identity of the sum of $24,367.43. It had ceased to be a "1924 refund" and it became a sum which was excessive or wrongfully collected. The status quo which had been established between the Treasurer and the taxpayer up to 1926, by which the latter could have withdrawn in the form of a credit any amount owing to it without objection by the Treasurer, was destroyed by the action of the Treasurer in 1926, when at the request of the auditor he denied the right of the taxpayer to obtain this sum or to use it as a credit for current taxes. This is the sum which is wrongfully collected, and at that date the Puerto Rican Income Tax Act of 1924, Section 79, was in effect. Under that section the Treasurer was bound to pay interest from the date of the illegal collection or withholding until the date of the allowance of the refund. American Potash Co. v. United States, Ct.Cl., 8 F.Supp. 717.

■ Lapse of time is not laches. As said by the Supreme Court of the United States in Southern Pacific Co. v. Bogert, 250 U.S. 483, 488, 39 S.Ct. 533, 536, 63 L.Ed. 1099:

"The essence of laches is not merely lapse of time. It is essential that there be also acquiescence in the alleged wrong or lack of diligence in seeking a remedy."

■ The wrong here was the retention of the money of the taxpayer in 1926 in violation of the agreement between the Treasurer and the taxpayer. Speaking of a similar situation, where the excessive collection of a tax was retained by the Government, the Supreme Court said:

"Retention of the money was against morality and conscience. * * * The unjust detention is immoral and amounts in law to a fraud on the taxpayer's rights." Bull v. United States, 295 U.S. 247, 260, 261, 55 S.Ct. 695, 700, 79 L.Ed. 1421.

It is urged that the well established rule requiring deference to the interpretation of a local statute by a local Supreme Court unless clearly wrong is not applicable here, because the decision is not an interpretation of a local statute.

■ The decision is, of course, a construction of a local statute, The Puerto Rican Income Tax Law of 1924. If the taxpayer is to find relief he must find it within the provisions of that Act and suit being brought under that Act and the court finding that the taxpayer is entitled to relief— there has necessarily been an interpretation of the Act, to wit: That the facts proved by the taxpayer entitle him to relief under the provisions of the Act.

■ Under the facts and the law, it is clear that the taxpayer's right to legal interest on the amount improperly withheld from him was substantially clear. The proper remedy by which the taxpayer could enforce its legal rights was mandamus. Blair v. United States ex rel. Union Pacific R. Co., 55 App.D.C. 359, 6 F.2d 484, with cases cited.

The judgment of the Supreme Court of Puerto Rico is affirmed.