## UNITED STATES v. BANG.
### No. 11837.

Circuit Court of Appeals, Eighth Circuit.

Feb. 10, 1941.

Victor E. Anderson, U. S. Atty., of St. Paul, Minn. (Francis M. Shea, Asst. Atty. Gen., Sidney J. Kaplan, Sp. Asst. to Atty. Gen., and Enoch E. Ellison, of Washington, D. C., Atty., Dept. of Justice, on the brief), for appellant.

V. J. Michaelson, of St. Paul, Minn. (Theodore Hollister, N. B. Arnold, Austin Lathers, Jay H. Hoag, Lathers & Hoag, Ralph E. Burdick, and H. S. Campbell, all of Duluth, Minn., and Frank Yetka and Hanford Cox, both of Cloquet, Minn., on the brief), for appellee.

William A. Pittenger, of Duluth, Minn., Amicus Curiae.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

This suit was brought in the District Court of Minnesota to recover from the United States the sum of $6,000 claimed to be due the plaintiff under the provisions of Private Act Number 336, approved by the President of the United States August 27, 1935, 49 Stat. 2194, on account of loss by personal injury in the great Minnesota fire

of October 12, 1918. Jurisdiction was invoked under the Tucker Act, 28 U.S.C.A. § 41, Subd. 20. The case was tried to the court and plaintiff had judgment. The United States appeals.

It appears that on the filing of the plaintiff's petition, the United States filed its motion to dismiss the same, and the motion having been overruled, it answered. It did not, however, offer any evidence on its own behalf on the trial, but relied on the alleged insufficiency of the plaintiff's allegations and proof. Its position in the court below, stated in the motion to, dismiss and relied on at the trial, is reasserted on this appeal (1) that said Private Act does not authorize the payment of damages resulting from personal injury; (2) that the United States has not given its consent to be sued in this action; (3) that the special administrative remedy provided in the Act is exclusive; that determination of the amount due and the person entitled had not been made by the Comptroller General, and that the District Court was without authority to adjudicate as to the amount due or the person entitled under the Act.

In ruling on the motion to dismiss, Judge Bell filed a written opinion in which all the contentions for the United States are fully considered and discussed; and after the trial Judge Sullivan, in addition to making findings of fact and conclusions of law, also filed a written opinion reviewing the facts and discussing all of the questions of law involved. The latter opinion is reported, D.C., 31 F.Supp. 535. In a companion case, United States v. City National Bank of Duluth, reported, D.C., 31 F.Supp. 530, Judge Joyce also fully considered the same contentions that are made for the United States in this case and resolved them against the government.

It is, therefore, unnecessary to repeat the facts of the case in this opinion on the appeal. Neither do we deem it appropriate or helpful to make any further elaboration of the discussion of the questions of law involved. It would necessarily be repetitious. We have reached the same conclusion as to each of the contentions of the government that has been declared by the District Court, and we think that the judges of that court have correctly applied the controlling authority as cited by them. We hold that the Private Act plainly

and without any ambiguity requires payment of personal injury losses occasioned by the great fire when determined and fixed as to amount and person entitled as required by the Act; that the communication of the Director General of Railroads, dated November 7, 1935, to the Comptroller General, established the appellee's right to payment, and no duty or function remained for the Comptroller General thereafter except to perform the clerical or ministerial acts of examination and certification. The action taken by the Comptroller General in certifying for payment the property loss established by the Director General's communication to him, together with the statement of his reasons for refusing to so certify the personal injury loss, demonstrate that the Comptroller General relied solely upon his own construction of the Private Act. Counsel for the United States do not contend that such construction of the law is final or binding on the courts, but argue that it is reviewable only by mandamus. Our conclusion upon the record presented is to the contrary. Dismuke v. United States, 297 U.S. 167, 56 S. Ct. 400, 80 L.Ed. 561; United States v. Babcock, 250 U.S. 328, loc. cit. 331, 39 S. Ct. 464, 63 L.Ed. 1011; Silberschein v. United States, 266 U.S. 221, loc. cit. 225, 45 S.Ct. 69, 69 L.Ed. 256. See also United States v. Morgenthau, 70 App.D.C. 171, 105 F.2d 50; Denver, Etc., District v. McNeil, 10 Cir., 106 F.2d 288. Cf. Miguel v. McCarl, 291 U.S. 442, 54 S.Ct. 465, 78 L. Ed. 901.

The Private Act and the action of the Director General pursuant thereto having perfected the appellee's right to receive the money from the United States, the appellee not having received it had a claim upon which he was entitled to sue the United States by virtue of the Tucker Act. Dismuke v. United States, 297 U.S. 167, 171, 172, 56 S.Ct. 400, 80 L.Ed. 561; McLean v. United States, 226 U.S. 374, 33 S.Ct. 122, 57 L.Ed. 260; Medbury v. United States, 173 U.S. 492, 19 S.Ct. 503, 43 L.Ed. 779. The trial court in this suit brought under the Tucker Act rightly determined that the amount fixed by the records of the Director General pursuant to the Act, was due and owing to the properly identified person entitled and rightly entered judgment against the United States.

Affirmed.