UNITED STATES COURT OF APPEALS
for the Fifth Circuit

No. 96-30422
Summary Calendar

CHARLES EDWARD PALOMBO and MAYDELLE PALOMBO,

Plaintiffs-Appellants,

AETNA CASUALTY AND SURETY CO.,

Intervenor-Plaintiff-Appellant,

versus

CAMERON OFFSHORE BOATS, INC.; HANSA MARINE
INSURANCE CO., U.K. LTD.; INDEMNITY MARINE
ASSURANCE CO. LTD; NORTHERN ASSURANCE CO. LTD;
NORWICH UNION FIRE INSURANCE SOCIETY LTD;
SOVEREIGN MARINE & GENERAL INSURANCE CO., LTD;
and PRUDENTIAL ASSURANCE COMPANY, LTD,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
(93-CV-673)

February 13, 1997

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

This admiralty case involves a slip-and-fall injury aboard a vessel. Charles Palombo, a vice president of marketing for Red Fox Companies of New Iberia, La., fell as he attempted to step through a doorway aboard the *M/V David McCall III* and suffered certain injuries. The cause of the fall is not clear. Palombo maintains that the defendants were negligent in the design and maintenance of the deck of the vessel's galley thereby causing Palombo's fall and consequent injuries. He and his wife sued in federal district court seeking recovery of lost earnings, medical expenses, and other damages based on their suffering.

The case was tried to the bench over three days in January, 1996. The district court found that Palombo had not shown any condition at the threshold of the galley to be unreasonably dangerous and had failed to prove, first, the existence of a mat at the doorway, and second, that any such mat was defective. Accordingly, the court entered judgment for the defendants. The Palombos and Aetna Casualty and Surety Co., as intervenor, appeal.

The case, asserting personal injuries suffered upon a vessel

---

[*] Local Rule 47.5 provides: "The publication of opinions that merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to this Rule, we have determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

in navigable waters, is governed by the negligence law established under the maritime jurisprudence of the federal courts. This law is informed by general principles of negligence law. *S.C. Loveland, Inc. v. East West Towing*, 608 F.2d 160, 165 (5th Cir. 1979). The owner of a vessel has a duty to exercise reasonable care under the circumstances to ensure that those aboard are not injured. A plaintiff must prove that something aboard the vessel created an unreasonable risk of injury, the vessel owner knew or should have known of this danger, and that the owner failed to eliminate the danger, and that this danger caused plaintiff's injuries.

*Standard of Review*

There are two issues in this case: 1) whether the design of the doorway created an unreasonably dangerous condition, and 2) whether there was a defective mat in front of the doorway that caused the accident. The district court found that the doorway was not unreasonably dangerous and that there was no mat and, alternatively, if there was such a mat it was not defective. These are both findings of fact which we review for clear error. *Ober v. Penrod Drilling Co.*, 726 F.2d 1035 (5th Cir. 1984) (Rule 52(a) applies to bench trials conducted under the general maritime law). A finding is "clearly erroneous" when although there is evidence to support it, our review of the evidence leaves us with the "definite

3

and firm conviction that a mistake was committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

We disagree with the appellants' claim that we should exercise *de novo* review of the facts in this case. They cite *Movible Offshore v. M/V Wilken A. Falgout*, 471 F.2d 268 (5th Cir. 1973), for the proposition that factual findings that are unclear, conclusory, or contradictory are subject to *de novo* review. This is incorrect. The cited case does not support this assertion and could not, given that Rule 52(a) does not permit exceptions from the clearly erroneous standard. We held in *Movible Offshore* that such defective findings might be clearly erroneous, but we did not stray from our traditionally deferential review posture. Likewise, the cited case of *Hydrospace-Challenger v. Tracor/MAS, Inc.*, 520 F.2d 1030 (5th Cir. 1975), does not support *de novo* review, as the we *remanded* the case for more findings, all the while mindful of our deferential role. *Accord Thermo Elec. Corp. v. Schiavone Constr. Co.*, 915 F.2d 770 (1st Cir. 1990) (likewise ordering remand and not suggesting anything about discarding Rule 52(a) standard). Whether the district court's determinations here were "clearly erroneous" is discussed below.

*Claim of an Unreasonably Dangerous Condition*

The appellants state that the district court failed to resolve the question of whether the design of the door created a dangerous

4

condition requiring the presence of some anti-slip device: "Although it summarized the testimony in glorious narrative fashion, the court below did not delineate how it resolved the issue!" Appellant's brief at 13. Our reading of the lower court's opinion leads us to disagree. The court clearly credited Borison's opinion and the testimony of various witnesses establishing the absence of any previous accidents in reaching its conclusion that there was no unreasonably dangerous condition. *Opinion* at 21-22. As we stated in *Movible Offshore*, in situations involving ambiguous findings we may refer to the court's opinion to help interpret its findings. 471 F.2d at 272 (citing *American Propeller & Mfg. Co. v. United States*, 300 U.S. 475, 479-80 (1937)).

Palombo also claims that the uncontradicted testimony demonstrated that the unusual design of the threshold mandated the use of some sort of anti-slip device. This is not, however, a fair summation of the evidence. Defendants' expert Borison stated that the design was not unreasonably dangerous and did not require any sort of special safety measures:

> Q: Is there any safety problem at all in your opinion with just having a plain no-wax linoleum floor at the entrance of a water tight door going into the galley on the *David McCall III*?
>
> A: No sir, none at all.

Rec. Vol. VII, pg. 530. That the district court chose to believe Borison's testimony over that of Palombo's witnesses does not mandate a finding that the lower court was incorrect. The judging

5

of witness credibility is a matter peculiarly within the province of the trial court and is deserving of the highest degree of deference on appeal. *E.g.*, *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985). Palombo has given us no reason to find any error with the court's choice here.

*Claim of Defective Mat*

The district court found that there was no mat at the threshold. If there was such a mat, it found that it was not defective. The appellants challenge this finding by stating that this finding is facially contradictory and therefore clearly erroneous. If the court had stated "there is no mat and it is not defective," we would be inclined to agree. This is not, however, what it did. The court obviously credited witness testimony establishing the nonexistence of the mat. However, the court went further and essentially stated that even if there was a mat, it was persuaded by the witness testimony that stated that this mat was not defective. The court's findings are not contradictory. In fact, such alternative findings can often be helpful as they can obviate the need for a remand for further fact finding when the evidentiary basis for a fact is found to be insufficient on appeal.

As stated above, a district court's credibility choices are to be disturbed in only the rarest of situations and this is not one of them. Further, the appellants have failed to provide us with

6

any legal authority for their conclusion that findings in the alternative are automatically "clearly erroneous."  We therefore find no error with the court's findings on this issue.

In sum, we are not persuaded that the lower court's findings are clearly erroneous.  We accordingly affirm the lower court's judgment for the defendants.

AFFIRMED.