**T. M. DANIEL and Marguerite F. Daniel,**
**Plaintiffs**

v.

**UNITED STATES of America,**
**Defendant.**

**Civ. A. No. 8740.**

United States District Court
N. D. Alabama, S. D.

Jan. 8, 1960.

Leader, Tenenbaum, Perrine & Swedlaw, and Alfred Swedlaw, Birmingham, Ala., for plaintiff.

W. L. Longshore, U. S. Atty., and M. L. Tanner, Asst. U. S. Atty., Birmingham, Ala., and Charles K. Rice, Asst. Atty. Gen., Lyle M. Turner and Anthony R. DeSanto, Attorneys, Department of Justice, Washington, D. C., for defendant.

LYNNE, Chief Judge.

Plaintiffs (taxpayers), for five consecutive years beginning with the year 1951, operated a farm in Kentucky and sustained losses in that venture in excess of $50,000 for each of such taxable years. The total amounts of these losses were allowed as deductions on taxpayers' returns for each of the years 1951 through

1954. At the close of the year 1955, pursuant to Section 270 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 270, taxpayers filed amended returns for each of the years 1951 through 1954, reporting deficiencies resulting from the disallowance of all such losses in excess of $50,000 for each of such years. These additional taxes were paid. On November 30, 1956, the Commissioner of Internal Revenue assessed interest on such additional taxes for each of the years 1951 through 1954, calculating such interest from the due date of the return for each year involved. This additional interest was paid by taxpayers. Taxpayers timely filed a claim for refund of such interest, urging as grounds for such recovery that the due date of the tax did not arise until April 15, 1956, the due date of their return for the year 1955.[1] This claim was disallowed by the Commissioner of Internal Revenue and this suit followed.

Contending that interest was not properly chargeable and the payment which plaintiffs made pursuant to the demand of the Commissioner therefor constituted an illegal exaction from them, plaintiffs quote from an article appearing in Volume XXIX of the Notre Dame Lawyer, at page 413, dealing with "The Hobby Losses Section of the Internal Revenue Code" (1939) the following:

"* * * incidentally it could be argued from a literal reading of Sections 130(b), 130(c), 292(a) and 56(a) that the taxpayer would have to pay interest on each of these deficiencies computed from the time when the tax to which it relates was initially due. However, this result is so incongruous and so contrary to the basic concept of interest that it is doubtful that it would ever seriously be urged, or, if urged, accepted."

As shall appear, at least for the present, the author of that article must be regarded as a good scribe but a bad prophet.

On its part, the defendant insists that the Commissioner of Internal Revenue was required under the applicable statutes of the Internal Revenue Codes of 1939 and 1954 to assess interest on the deficiencies from the due date of the taxpayers' return for each of the years 1951 through 1954.

Agreeing with the defendant, the court is of the opinion that the result for which it contends flows freely and naturally from the provisions of Section 270,[2] In-

---

1. In their brief, counsel for plaintiffs concede that since the determinative date was December 31, 1955, interest would be owed for each of the years 1951, 1952, 1953 and 1954, from December 31, 1955, to April 16, 1956.

2. Internal Revenue Code of 1954:

"§ 270. Limitations on deductions allowable to individuals in certain cases.

"(a) Recomputation of taxable income. —If the deductions allowed by this chapter or the corresponding provisions of prior revenue laws (other than specially treated deductions, as defined in subsection (b)) allowable to an individual (except for the provisions of this section or the corresponding provisions of prior revenue laws) and attributable to a trade or business carried on by him for 5 consecutive taxable years have, in each of such years (including at least one year to which this subtitle applies), exceeded by more than $50,000 the gross income derived from such trade or business, the taxable income (computed under section 63 or the corresponding provisions of prior revenue laws) of such individual for each of such years shall be recomputed. For the purpose of such recomputation in the case of any such taxable year, such deductions shall be allowed only to the extent of $50,000 plus the gross income attributable to such trade or business, except that the net operating loss deduction, to the extent attributable to such trade or business, shall not be allowed.

"(b) Specially treated deductions.—For the purpose of subsection (a) the specially treated deductions shall be taxes, interest, casualty and abandonment losses connected with a trade or business deductible under section 165(c)(1), losses and expenses of the trade or business of farming which are directly attributable to drought, the net operating loss deduction allowed by section 172, and expenditures as to which taxpayers are given the option, under law or regula-

ternal Revenue Code of 1954, which applies when the five consecutive taxable years include at least one year to which subtitle A applies. Subtitle A applies to taxable years beginning after December 31, 1953. Section 7851(a) (1), Internal Revenue Code of 1954, 26 U.S.C.A. § 7851(a) (1). Its provisions are substantially similar to those of its predecessor, Section 130 [3] of the Internal Revenue Code of 1939.

It cannot be doubted that it was within the competence of the Congress to establish a ceiling on permissible deductions for losses sustained by a taxpayer in a business conducted as a hobby and not for profit. It has done this in Section 270 and its predecessor, Section 130,

tions, either (1) to deduct as expenses when incurred or (2) to defer or capitalize.

"(c) Redetermination of tax.—On the basis of the taxable income computed under the provisions of subsection (a) for each of the 5 consecutive taxable years specified in such subsection, the tax imposed * * * shall be redetermined for each such taxable year. If for any such taxable year assessment of a deficiency is prevented (except for the provisions of section 1311 and following) by the operation of any law or rule of law (other than section 7122, relating to compromises), any increase in the tax previously determined for such taxable year shall be considered a deficiency for purposes of this section. For purposes of this section, the term 'tax previously determined' shall have the meaning assigned to such term by section 1314(a) (1).

"(d) Extension of Statute of Limitations.—Notwithstanding any law or rule of law (other than section 7122, relating to compromises), any amount determined as a deficiency under subsection (c), or which would be so determined if assessment were prevented in the manner described in subsection (c), with respect to any taxable year may be assessed as if on the date of the expiration of the time prescribed by law for the assessment of a deficiency for the fifth taxable year of the 5 consecutive taxable years specified in subsection (a), 1 year remained before the expiration of the period of limitation upon assessment for any such taxable year." (26 U.S.C.1952 ed., Supp. IV, Sec. 270.)

3. "§ 130. [As added by Section 129(a), Revenue Act of 1943, c. 63, 58 Stat. 21]. Limitation on deductions allowable to individuals in certain cases.

"(a) Recomputation of net income. If the deductions (other than taxes and interest) allowable to an individual (except for the provisions of this section) and attributable to a trade or business carried on by him for five consecutive taxable years have, in each of such years, exceeded by more than $50,000 the gross income derived from such trade or business, the net income of such individual for each of such years shall be recomputed. For the purpose of such recomputation in the case of any such taxable year, such deductions shall be allowed only to the extent of $50,000 plus the gross income attributable to such trade or business, except that the net operating loss deduction to the extent attributable to such trade or business shall be allowed.

"(b) Redetermination of tax. Upon the basis of the net income computed under the provisions of subsection (a) for each of the five consecutive taxable years specified in such subsection, the tax imposed by this chapter shall be redetermined for each such taxable year. If for any such taxable year assessment of a deficiency is prevented (except for the provisions of sections 3801 and 3807) by the operation of any law or rule of law (other than section 3761, relating to compromises) any increase in the tax previously determined for such taxable year shall be considered a deficiency for the purposes of this section. For the purposes of this section the term 'tax previously determined' shall have the meaning assigned to such term by section 3801 (d).

"(c) Extension of statute of limitations. Notwithstanding any law or rule of law (other than section 3761, relating to compromises), any amount determined as a deficiency under subsection (b), or which would be so determined if assessment were prevented in the manner described in subsection (b), with respect to any taxable year may be assessed as if on the date of the expiration of the time prescribed by law for the assessment of a deficiency for the fifth taxable year of the five consecutive taxable years specified in subsection (a), one year remained before the expiration of the period of limitations upon assessment for any taxable year." (26 U.S.C.1952 ed., Sec. 130.)

682

which first appeared in the Revenue Act of 1943.

To guard against the frustration of its intent in difficult factual situations which might otherwise have confronted the courts, it devised a conclusive presumption that, if losses are consecutive for five years, the venture was not undertaken in the first instance with the primary intention of making a profit. The limit placed upon permissible deductions is clearly defined.

The provisions of Section 270(c) and (d) are explicit that the increase in tax resulting from the recomputation of taxable income for each of the years involved shall be assessed and collected as a deficiency for *each* such taxable year.

In both of the Revenue Codes under consideration there are a number of provisions, the application of which may result in deficiencies dependent wholly upon subsequent events not determinable at the time the return was filed. In recognition of the general statutory scheme that otherwise the assessment of deficiencies of prior years based upon subsequent occurrences would bear interest, the Congress has occasionally expressly provided for nonpayment of interest on deficiencies thus arising.[4]

No provision in either Code has been called to the attention of the court, the court has found none, which excepts the deficiencies arising from the application of Section 270 from the interest provisions of either Code.

The long and the short of the matter is that on the due date of their return for each of the years involved, plaintiffs owed more taxes than they paid because the subsequent events spelled out in Section 270 thereafter occurred. The Congress has not excused payment of interest for use of this money by plaintiffs; this court may not do so. Manning v. Seeley Tube & Box Co., 338 U.S. 561, 566, 70 S.Ct. 386, 94 L.Ed. 346.

---

4. For example: Under the Internal Revenue Code of 1939, as amended, see Section 22(d) (6), 26 U.S.C.A. § 22(d) (6), relating to adjustments resulting from replacement of inventory involuntarily liquidated; Section 127(c) (5), 26 U.S.C.A. § 127(c) (5), providing for assessment of deficiencies upon recovery of war losses; Section 292(b), 26 U.S.C.A. § 292(b), relating to deficiencies resulting from a final determination upon an application for relief under Section 722, 26 U.S.C.A. Excess Profit Taxes, § 722; Section 292(c), relating to deficiencies arising from loss carry-backs; and Section 292(d), relating to deficiencies arising from retroactive awards for the transportation of United States mail. With respect to the Internal Revenue Code of 1954, as amended, see, e. g., Section 1321(a), relating to replacement of inventories involuntarily liquidated; and Section 1335, providing for assessment of deficiencies upon recovery of war losses.